Earl Tanner **FAIRMAN, Jr.,**
Petitioner-Appellant,

v.

**UNITED STATES of America,**
Respondent-Appellee.

No. 76–2942
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Dec. 16, 1976.

Earl Tanner Fairman, Jr., pro se.

Michael P. Carnes, U. S. Atty., William O. Wuester, III, Gerhard E. Kleinschmidt, Asst. U. S. Attys., Fort Worth, Tex., for respondent-appellee.

Before COLEMAN, GOLDBERG and GEE, Circuit Judges.

PER CURIAM:

In 1969 a jury found appellant guilty of eleven counts of conspiracy and a variety of substantive offenses relating to the counterfeiting of rare United States coins. The court imposed consecutive sentences on four of the counts aggregating fifteen years and added a five year probation term on another count. The remaining counts brought concurrent sentences. This court affirmed the conviction on direct appeal. *United States v. Wilson*, 451 F.2d 209 (5th Cir. 1971).

The sentencing court denied the instant motion to vacate the judgment of conviction under 28 U.S.C. § 2255, rejecting Fairman's assertions of defects in the indictment. We affirm.

■ Contrary to appellant's claims, each of the various counts in the indictment charges with specificity an offense separate and distinct from the remainder. Fairman points specifically to three pairs of counts in the indictment, claiming that each pair charges but a single offense. In each instance, however, one count in the pair charges an offense of *producing* counterfeit coins or fraudulently altering a coin. The second count in each pair charges an act of *distributing* the coins produced. Therefore, the two offenses in each pair are separate; each required proof of an element the other did not. *See Ianelli v. United States*, 420 U.S. 770, 95 S.Ct. 1284, 43 L.Ed.2d 616

* Rule 18, 5 Cir., see *Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

(1975); *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).

As each count of the indictment alleged either a separate transaction or an offense requiring elements sufficiently distinct to meet the test of *Blockburger, supra,* Fairman can mount no successful attack on the validity of the bill or the consecutive sentences imposed upon his conviction. Finally, his claim that the indictment alleged transactions not alluded to in a complaint filed under Fed.R.Crim.P. 3 is also meritless; nothing in that rule or in rule 7 so limits the terms of the indictment.

The judgment below is AFFIRMED.