Samuel GAINES, Petitioner-Appellant,

v.

Dr. James G. RICKETTS, Warden,
Respondent-Appellee.

No. 76–3855

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

June 30, 1977.

Samuel Gaines, pro se.

Arthur K. Bolton, Atty. Gen., Susan V. Boleyn, Asst. Atty. Gen., Robert S. Stubbs, II, Exec. Asst. Atty. Gen., Richard L. Chambers, 1st Asst. Atty. Gen., John C. Walden, Sr. Asst. Atty. Gen., Atlanta, Ga., for respondent-appellee.

Before GOLDBERG, CLARK and FAY, Circuit Judges.

---

* Rule 18, 5 Cir., see *Isbell Enterprises, Inc. v. Citizens Casualty Company of New York, et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

PER CURIAM:

Samuel Gaines pleaded guilty in Georgia state court to six counts of armed robbery and one count of aggravated assault. The court imposed twenty-year concurrent sentences on the robbery counts and a ten-year consecutive sentence on the aggravated assault charge. In this federal habeas corpus action Gaines claims that the plea was involuntary because induced by an unfulfilled promise of a more lenient sentence, that his retained attorney afforded ineffective assistance, that the court improperly imposed multiple sentences for convictions growing out of the same transaction, and that the Georgia procedures for collateral review of the conviction are unconstitutional. The district court denied habeas relief without a hearing. We affirm.

▇▇▇ Gaines exhausted his state remedies by collaterally attacking the guilty plea. The state court held a full hearing, at which Gaines received assistance from a Legal Aid Society attorney. On the basis of the testimony of Gaines's retained attorney and the prosecutor, the court found as a fact that no one had made to Gaines any unfulfilled promises. Gaines pleaded guilty on the basis of the prosecutor's offer to seek a thirty-year sentence rather than life. That finding, the result of a full and fair state hearing on the issue, was sufficient to allow the district court to dispose of Gaines's unfulfilled promise claim without a hearing. See generally Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963); 28 U.S.C. § 2254.[1]

▇▇ We also reject Gaines's claim that his retained attorney rendered ineffective assistance. The attorney spoke to Gaines at length at two separate sessions, and he reviewed in detail the prosecutor's file. That file contained overwhelming evidence of Gaines's guilt. Gaines suggested no basis for avoiding conviction. The prosecutor had originally sought a life sentence; after pleading guilty Gaines received thirty years.

▇▇ Finally, we find no constitutional error in the separate convictions and the imposition of consecutive sentences for armed robbery and aggravated assault. To uphold the thirty-year total sentence, we need find only that the aggravated assault sentence can properly follow the twenty-year sentence imposed for any one of the armed robbery counts.[2] The aggravated assault took place on a separate date and involved separate victims from some of the armed robberies. The imposition of consecutive sentences complied with constitutional standards. See Iannelli v. United States, 420 U.S. 770, 95 S.Ct. 1284, 43 L.Ed.2d 616 (1975); Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932); Fairman v. United States, 544 F.2d 197 (5th Cir. 1976).

The judgment of the district court is AFFIRMED.

---

1. The record refutes Gaines's contention that the Georgia trial court did not enter findings of fact. The court dictated its findings into the record at the conclusion of the hearing. These findings satisfied 28 U.S.C. § 2254(d).

   Gaines's constitutional attack on the Georgia system of appellate review of collateral attacks also is without merit. Georgia's system, under which the Georgia Supreme Court need not review on its merits every such decision, does not constitute an unconstitutional suspension of the writ of habeas corpus.

2. This is so because, even if one of the twenty-year sentences for armed robbery were invalidated, Gaines's total sentence of thirty years would remain unchanged. So long as one of the six concurrent sentences for armed robbery is upheld, Gaines's sentence is static. Gaines has not demonstrated any prejudice flowing from the multiple convictions that led to concurrent sentences.