**Clarence BALLARD, Petitioner-Appellant,**

v.

**Frank BLACKBURN, Jr., etc., Respondent-Appellee.**

No. 77–3339.

United States Court of Appeals, Fifth Circuit.

Nov. 2, 1978.

---

George M. Strickler, Jr., New Orleans, La., Paul H. Kidd, Monroe, La., for petitioner-appellant.

FHA settlement in September 1974 interest accrued at 10% for an additional amount of $126,363.72. Thus, by the time of the FHA

Marilyn Castle, Asst. Dist. Atty., Ossie B. Brown, Dist. Atty., Baton Rouge, La., William J. Guste, Jr., Atty. Gen., Barbara B. Rutledge, Asst. Atty. Gen., Baton Rouge, La., for respondent-appellee.

Before RONEY, RUBIN and VANCE, Circuit Judges.

VANCE, Circuit Judge:

This is the second appeal from a denial of a petition for a writ of habeas corpus, filed by Clarence Ballard, an inmate at the Louisiana State Penitentiary at Angola, Louisiana.

Petitioner had been indicted for murder in the state courts in the Parish of East Baton Rouge, Louisiana. He was represented by retained counsel and entered a plea of guilty to a reduced charge of manslaughter. Prior to being sentenced, he retained new counsel and filed a motion to withdraw his guilty plea. The motion was denied by the state district court and petitioner was sentenced to 21 years. The sentence was ordered to run consecutive to a life sentence petitioner had received on a prior murder charge and in connection with which he had been on parole. The denial of the motion to withdraw the plea of guilty was affirmed by the Louisiana Supreme Court. *State v. Ballard*, 282 So.2d 448 (La. 1973). Petitioner sought a writ of habeas corpus in the state district court which was denied without an evidentiary hearing. No appeal to the Louisiana Supreme Court was taken.

Petitioner then filed a petition for a writ of habeas corpus in the United States District Court for the Middle District of Louisiana, alleging (1) denial of due process of law due to the refusal by the state court to allow petitioner to withdraw his plea of guilty, and (2) ineffective assistance of counsel in violation of the sixth and fourteenth amendments. The district court de-

settlement, the permissable return was $654,-200, some $90,000 less than the amount of the face value of the FHA debentures.

nied the petition, reasoning that the state court correctly found that the guilty plea was voluntary and that the petitioner had not exhausted his state court remedies as to his claim of ineffective assistance of counsel.

On the initial appeal another panel of this court reversed the district court and held that petitioner had sufficiently exhausted available state remedies as to his ineffective counsel claim. The case was remanded to the district court for a full evidentiary hearing to determine, within *Fitzgerald's* [*Fitzgerald v. Estelle*, 5 Cir., 1975, 505 F.2d 1334] perimeters, whether Ballard's counsel was so inadequate that his guilty plea was not voluntary and sufficiently implicated state representatives such as the state prosecutor, trial judge, or both, so as to constitute state action or whether, absent state action triggering the Sixth Amendment, he was thereby denied the right to due process of law.

*Ballard v. Maggio*, 544 F.2d 1247, 1251 (5th Cir. 1977). Following remand, the United States Magistrate conducted a full hearing. The district court adopted the findings of the magistrate and again denied the petition. This appeal followed.

The record discloses that on July 29, 1972, Clarence Ballard shot and killed Sherman Jerome Stanley outside Bank's Restaurant in Baton Rouge, Louisiana. Shortly thereafter, Ballard retained Nathan Fisher to represent him on this charge. At the time he killed Stanley, Ballard was on parole from a 1963 murder conviction. A detainer was placed on Ballard by the Probation and Parole Division of the Louisiana Department of Corrections, and a preliminary hearing on his parole revocation was set for August 14, 1972.

Fisher arranged to have the detainer filed by Probation and Parole lifted and to have the revocation hearing postponed until after the disposition of petitioner's pending charges. Fisher also immediately sought to obtain petitioner's release on bond. A motion to set bond was filed and was set for hearing on August 17, 1972, but was later continued until August 24, 1972. On August 24, 1972 bond was set at $10,000.

At his initial meeting with Ballard, Fisher obtained a statement and the name of two persons who Ballard said were witnesses to the incident.

Fisher proceeded to conduct an investigation of Ballard's case, which included interviewing one witness, examining the district attorney's file, listening to a taped statement made by another witness, examining evidence that had been sent to the crime lab, and reading written statements taken from other witnesses.

Ballard was present in court on October 4, 1972, along with his attorney. He was arraigned on the murder charge and entered a plea of not guilty. On October 25, 1972, a pretrial conference was held at which the assistant district attorney, the trial judge and Fisher were present. A trial date of January 22, 1973 was set at that time. On January 22, 1973, the case was continued until the next day. On January 23, 1973, the petitioner entered a plea of guilty to the lesser offense of manslaughter.

The first inquiry for which the case was remanded concerned whether the claimed inadequacy of counsel involved state action. Mr. Ballard was represented at all stages by counsel of his own choosing. As the prior panel indicated, the applicable standard is found in *Fitzgerald v. Estelle*, 505 F.2d 1334, 1337 (5th Cir.), *cert. denied*, 422 U.S. 1011, 95 S.Ct. 2636, 45 L.Ed.2d 675 (1975):

To find state involvement in retained counsel's conduct which is adjudged to be less than reasonably effective, yet not so grossly deficient as to render the proceedings fundamentally unfair, it must be shown that some responsible state official connected with the criminal proceeding who could have remedied the conduct failed in his duty to accord justice to the accused. That the trial judge and the prosecutor have such a capacity and duty is unquestionable. Therefore, if the trial judge or the prosecutor can be shown to have actually known that a particular defendant is receiving incompetent representation and takes no remedial action,

the state action requirement is satisfied. If they directly participate in the incompetency, it is even more so. Furthermore, if the incompetency of a retained attorney's representation is so apparent that a reasonably attentive official of the state should have been aware of and could have corrected it then again the state action requirement is satisfied.

In *Howard v. Henderson*, 519 F.2d 1176 (5th Cir.), *cert. denied*, 423 U.S. 1036, 96 S.Ct. 573, 46 L.Ed.2d 412 (1975), this court considered a fact situation quite similar to the one now before us. Howard also filed an application for a writ of habeas corpus in which he contended that his attorney did not properly investigate his case and therefore denied him effective assistance of counsel. This court held:

> Howard's conviction cannot be set aside unless his attorney's advice was not 'within the range of competence demanded of attorneys in criminal cases.' *Tollett v. Henderson*, 411 U.S. 258, 264, 93 S.Ct. 1602, 1606, 36 L.Ed.2d 235 (1973); *McMann v. Richardson*, 397 U.S. 759, 770–71, 90 S.Ct. 1441, 1448, 25 L.Ed.2d 763 (1970). Where the conduct of retained counsel is in issue, constitutional guarantees of competent counsel are not infringed due to lack of state action unless representation is 'so grossly deficient as to render the proceedings fundamentally unfair', *Kallie v. Estelle*, 5 Cir., 1975, 515 F.2d 588, 591; *Malone v. Alabama*, 5 Cir., 1975, 514 F.2d 77, 80; *Fitzgerald v. Estelle*, 5 Cir., 1975, 505 F.2d 1334, 1337 (en banc), or unless the incompetency 'is so apparent that a reasonably attentive official of the state should have been aware of and could have corrected it.' *Fitzgerald, supra*, at 1337. Even when the conditions for state action are met, the Sixth and Fourteenth Amendment requirement of effective assistance of counsel has been held 'to mean not errorless counsel, and not counsel judged ineffective by hindsight, but counsel reasonably likely to render *and rendering* reasonably effective assistance.' *Herring v. Estelle*, 5 Cir., 1974, 491 F.2d 125, 127, *citing MacKenna v. Ellis*, 5 Cir., 1960, 280 F.2d 592, 599, *cert. denied*, 368 U.S. 877, 82 S.Ct. 121, 7 L.Ed.2d 78 (emphasis in original).

*Howard v. Henderson, supra*, at 1177.

■ At the hearing in the court below it was established that Fisher succeeded in having petitioner released on bond, that he succeeded in having a detainer placed on petitioner by the parole board lifted, that he contacted appropriate officials to go through the prosecutor's file and inspect evidence at the crime lab, that he participated in arraignment and pretrial conference and that he finally succeeded in persuading the district attorney to accept a manslaughter plea which previously he had been unwilling to . do. The trial court adopted the magistrate's findings that there was no state action involved in the case and that the alleged incompetency of retained counsel was not "so apparent that a reasonably attentive official of the state should have been aware of and should have corrected it." Appellant points to no evidence contrary to the lower court's findings, and we can find none.

There remains, however, the other question on remand. Has Ballard demonstrated that his representation by Fisher was so inadequate as to deprive the proceedings of fundamental fairness? Ballard points out that Fisher was not prepared for trial on the date when his trial was set, a fact which Fisher admits. There is a sharp conflict in the testimony as to the number and content of communications between Ballard and Fisher during the interval between Ballard's arraignment and the date of trial. Ballard contends that Fisher gave him no alternative but to plead guilty.

Fisher's testimony reflects that he conducted sufficient investigation to form a strong opinion that Ballard might well be convicted of murder if he defended the case. Fisher had advised Ballard that his parole would certainly be revoked. (Ballard had been involved in additional difficulty. He also violated the terms of his parole by possessing a firearm on the occasion in question.) In Fisher's opinion it was

very much in Ballard's interest to be convicted of manslaughter rather than murder. By having the charge reduced, he thought that it would be possible for Ballard to be placed in a much more desirable confinement facility and that there was a possibility that someday he could again be paroled. The length of the sentence and whether the sentence would be concurrent or consecutive apparently were not the subject of negotiations between Fisher and the district attorney, but it is self evident, that with respect to both, Ballard's prospects were better if a murder conviction could be avoided.

The magistrate found that under the law of Louisiana, the defense of justifiable homicide was not available to Ballard under either of the two versions of the incident which he had given to the police. Since his killing of the victim was undisputed, a conviction, at least for manslaughter, appeared highly probable.

The principle is now established that reasonable competency of counsel is not judged by a retrospective consideration as to whether the advice of counsel was or was not the best that could have been given. Because of the severity of the sentence, the plea bargain made by Ballard did not turn out to be a very good bargain. The question, however, is whether the advice was "within the range of competence demanded of attorneys in criminal cases." *McMann v. Richardson*, 397 U.S. 759, 771, 90 S.Ct. 1441, 1449, 25 L.Ed.2d 763 (1970). The lower court found that Ballard had failed to demonstrate that Fisher's representation was such as to deny the proceedings of fundamental fairness required by the fourteenth amendment. Its application of the controlling principles is consistent with recent holdings of this court and is free of reversible error. *See, e. g., Gaines v. Ricketts*, 554 F.2d 1346 (5th Cir. 1977); *Akridge v. Hopper*, 545 F.2d 457 (5th Cir.), *cert. denied*, 431 U.S. 941, 97 S.Ct. 2657, 53 L.Ed.2d 260 (1977).

Ballard argues in brief that his plea of guilty was not voluntary and that he had a right to withdraw his plea. As distinct issues, these questions were originally decided by the state courts of Louisiana. The state court findings, which are presumed correct, *Banda v. Estelle*, 519 F.2d 1057 (5th Cir.), *cert. denied*, 423 U.S. 1024, 96 S.Ct. 467, 46 L.Ed.2d 398 (1975), were found to be fully supported by the record. In the present posture of this case, both contentions are merely alternative facets of Ballard's underlying claim that his representation by Fisher did not meet minimum constitutional standards. Our resolution of that central issue obviates need for consideration of its presentation in these alternate forms.

We conclude that Mr. Ballard's application for writ of habeas corpus was properly denied by the United States District Court for the Middle District of Louisiana.

AFFIRMED.