Len C. SCOTT, Petitioner-Appellant,

v.

Louie L. WAINWRIGHT, Secretary
Department of Corrections, State
of Florida, Respondent-Appellee.

No. 80–5990.

United States Court of Appeals,
Eleventh Circuit.

Feb. 14, 1983.

Michael A. Rosen, Miami, Fla. (Court-appointed), for petitioner-appellant.

Paul Mendelson, Asst. Atty. Gen., Miami, Fla., for respondent-appellee.

Before RONEY and JOHNSON, Circuit Judges, and DYER, Senior Circuit Judge.

RONEY, Circuit Judge:

Len Scott appeals from the dismissal of his petition for a writ of habeas corpus, claiming that his guilty pleas were invalid because he was deprived of the effective assistance of counsel. We reverse and remand.

The State of Florida charged Scott with three felonies involving worthless checks and a fourth involving the sale of unregistered securities. Scott retained Louis Vernell to defend him and gave Vernell the names of witnesses and other evidence to assist in his defense.

The morning Scott's case was called for trial, Vernell told Scott he was not prepared for trial. He had not procured any witnesses for Scott. He had not taken any depositions, which may be done under the Florida Rules. Vernell advised Scott that he could plead guilty to the pending charges in exchange for probation under a plea bargain arrangement, which Scott did. The trial judge entered judgments of conviction, placing Scott on 5 years concurrent probation for each charge. Later Scott's probation was revoked and he was imprisoned.

After the probation was revoked, Scott collaterally attacked his convictions first in state court, then in federal court, claiming that Vernell's failure to prepare for trial constituted ineffective assistance of counsel.

The state initially asserts that the case should be remanded to the district court to determine if an untimely filing of a notice of appeal should be excused. The requested procedure is unnecessary. The district court dismissed Scott's petition on November 14, 1979. On December 20, 1979, Scott filed a "Petition for Rehearing from Order of Dismissal or in the Alternative for a Certificate of Probable Cause." Although it was not a traditional notice of appeal, it constituted sufficient notice of appeal for jurisdictional purposes. *See Stevens v. Heard,* 674 F.2d 320, 322 (5th Cir.1982) (certificate of probable cause sufficient); *McDaniel v. Harris,* 639 F.2d 1386, 1388 n. 1 (5th Cir.1981) (application for leave to appeal *in forma pauperis* sufficient); *Fitzsimmons v. Yeager,* 391 F.2d 849, 853 (3rd Cir.), *cert. denied,* 393 U.S. 868, 89 S.Ct. 154, 21 L.Ed.2d 137 (1968) (application for certificate of probable cause will be treated as notice of appeal where no formal notice has been filed). In *Sanchez v. Board of Regents of Texas University,* 625 F.2d 521, 523 (5th Cir.1980), the Court held that notices of appeal filed prior to thirty days after that decision, rendered August 25, 1980, would be considered under old Rule 4(a) of the Federal Rules of Appellate Procedure. That rule allowed courts to treat a notice of appeal filed after the 30-day period for notice of appeal but within 60 days of judgment as a motion to extend the time for filing notice of appeal. *Sanchez v. Dallas Morning News,* 543 F.2d 556, 557 n. 4 (5th Cir.1976). Smith's motion for a certificate of probable cause, construed as a notice of appeal, could also be considered a request for an extension of time. Rule 4(a)(5) provides that "upon a showing of excusable neglect or good cause," the district court may extend the time for filing a notice of appeal. The court's issuance of a certificate of probable cause and leave to appeal *in forma pauperis* constituted such a finding. *See United States v. Quimby,* 636 F.2d 86, 89 (5th Cir.1981). We note that a notice of appeal filed while a motion to alter or amend a judgment remains pending in the district court is ineffective, *Griggs v. Provident Consumer Discount Co.,* —— U.S. ——, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982),

and that under present Rule 4(a), a motion for extension beyond the 30-day period must be filed within the 30-day period. *Sanchez v. Board of Regents of Texas University,* 625 F.2d at 523. In sum, although Scott's procedure would not be sufficient to give this Court jurisdiction under present law, it was sufficient under the law at that time.

As to the merits, the state concedes that the district court's focus on state action in ineffective assistance of counsel cases is no longer viable. The district court followed *Ballard v. Blackburn,* 583 F.2d 159 (5th Cir.1978), in deciding that Vernell's alleged incompetency was not "so apparent that a reasonably attentive official of the state should have been aware of and corrected" it.

■ Constitutional guarantees of effective assistance of counsel are the same whether a defendant is represented by retained or court-appointed counsel. *Cuyler v. Sullivan,* 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980); *United States v. Hughes,* 635 F.2d 449, 451 (5th Cir.1981). The district court therefore erred in following *Ballard v. Blackburn,* 583 F.2d 159 (5th Cir.1978) (less stringent standard of effectiveness for retained counsel than for court-appointed attorney). Although district court findings based upon an erroneous perception of the law are ordinarily remanded, *see Pullman-Standard v. Swint,* 456 U.S. 273, 291–92, 102 S.Ct. 1781, 1791–92, 72 L.Ed.2d 66, 82 (1982), we reach the merits of Scott's claim because the evidence permits only one result. Indeed the state requests that "since the pertinent facts are before this Court and it will eventually have to reach the merits of the Petitioner's contention, it should do so now, rather than remanding the case back to the district court."

■ The constitutional standards for a collateral attack on a guilty plea grounded on ineffective assistance of counsel are fairly well established. Once a plea of guilty has been entered, nonjurisdictional challenges to the conviction's constitutionality are waived, and only an attack on the voluntary and knowing nature of the plea can be sustained. *McMann v. Richardson,* 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970); *Bradbury v. Wainwright,* 658 F.2d 1083, 1087 (5th Cir.1981). The guilty plea cannot have been knowing and voluntary, however, if a defendant does not receive reasonably effective assistance of counsel in connection with the decision to plead guilty, because the plea does not then represent an informed choice. *Mason v. Balcom,* 531 F.2d 717, 724–25 (5th Cir.1976). Counsel must be familiar with the facts and the law in order to advise the defendant of the options available. *Bradbury v. Wainwright,* 658 F.2d 1083, 1087 (5th Cir.1981); *Calloway v. Powell,* 393 F.2d 886, 888 (5th Cir.1968). The guilty plea does not relieve counsel of the responsibility to investigate potential defenses so that the defendant can make an informed decision. *Lee v. Hopper,* 499 F.2d 456, 463 (5th Cir.), *cert. denied,* 419 U.S. 1053, 95 S.Ct. 633, 42 L.Ed.2d 650 (1974). Counsel's advice need not be errorless, and need not involve every conceivable defense, no matter how peripheral to the normal focus of counsel's inquiry, but it must be within the realm of competence demanded of attorneys representing criminal defendants. *Tollett v. Henderson,* 411 U.S. 258, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973); *McMann v. Richardson,* 397 U.S. 759, 771, 90 S.Ct. 1441, 1449, 25 L.Ed.2d 763 (1970).

In this case, Vernell admitted that he was not prepared for trial. The state properly conceded at oral argument that if Scott had gone to trial, his attorney would have been constitutionally ineffective. The record is clear on this point. After repeated continuances, counsel had prepared no defense for Scott. Vernell testified at a state evidentiary hearing that if he had been able to proceed with the appropriate discovery and go to trial, he believed the charges against Scott would have been dismissed. Although he believed that Scott was innocent, he did limited legal research. He took no depositions and did not petition the court for costs to take depositions. He interviewed neither the state's witnesses nor the

**430**

witnesses Scott wanted to call in his defense. Although a securities specialist testified at a state court hearing that the securities charges against Scott were legally insufficient, Vernell had not challenged their adequacy. Apparently, Scott's position at the plea hearing was that although he had committed the acts charged in the indictment, they were not violations of the securities and worthless check laws.

■ It is clear that Vernell did not channel his investigation on the basis of an informed professional assessment of Scott's potential defenses. He simply failed, for no apparent reason related to Scott's case, to investigate the facts. Although the record reflects that Vernell's lack of activity might have been the result of his own personal problems, *see Florida Bar v. Vernell*, 374 So.2d 473 (Fla.1979), his unfamiliarity with the facts and the law relevant to Scott's case made him so ineffective that Scott's guilty plea was not knowingly and voluntarily entered. Scott's sole choice was to plead guilty or face sure conviction because his attorney could not properly assert his known defenses. Such a choice deprives the plea of the voluntariness required to meet constitutional standards.

Because we reverse the judgment of the district court on the grounds of ineffective assistance of counsel, we do not address the question of whether the state's charge of larceny, added one day before Scott's probation revocation hearing, violated his due process rights.

The denial of habeas corpus is reversed and the case is remanded for entry of an appropriate writ, subject to the usual provisions concerning further prosecution of the case by the state.

REVERSED AND REMANDED.