Oliver THAMES, Petitioner–Appellant,

v.

Richard L. DUGGER, Robert A. Butterworth, Attorney General, Lawrence A. Kaden, Assistant Attorney General, Respondents–Appellees.

No. 87–3265
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

June 27, 1988.

Before TJOFLAT, VANCE and HATCHETT, Circuit Judges.

HATCHETT, Circuit Judge:

Appellant, Oliver Thames, appeals the district court's judgment denying his petition for a writ of habeas corpus. Because the district court denied Thames's habeas corpus claim without an adequate record or an evidentiary hearing, we reverse the district court's decision and remand for further proceedings.

FACTS AND PROCEDURAL HISTORY

In April, 1981, the State Attorney of the First Judicial Circuit of Florida charged Thames with three counts of armed robbery and three counts of possession of a firearm by a convicted felon. Thames

---

pleaded *nolo contendere* to two counts of armed robbery without a firearm (Counts I and III) and two counts of possession of a firearm by a convicted felon (Counts II and IV). The four counts to which Thames pleaded *nolo contendere* are not at issue in this appeal.

On March 9, 1981, Thames went to trial on Counts V and VI (armed robbery and possession of a firearm by a convicted felon). The jury found Thames guilty on both counts, however, the state trial court declared a mistrial due to prosecutorial misconduct.

At a second trial, the jury again found Thames guilty of Counts V and VI. Thames received a 75–year sentence under Count V (armed robbery) and a 15–year sentence on Count VI (possession of firearm by a convicted felon) to be served consecutively to Count V. The Court of Appeals for the First District of Florida affirmed Thames's convictions without an opinion. Thames then filed a motion for post-conviction relief pursuant to Rule 3.850, Florida Rules of Criminal Procedure alleging denial of effective assistance of counsel. The state trial court denied Thames's motion for post-conviction relief.

On appeal, the Court of Appeals for the First District of Florida reversed and remanded the case to the trial court for further proceedings. Again, the trial court denied petitioner's motion for post-conviction relief.

On January 21, 1986, Thames filed a petition for writ of habeas corpus with the United States District Court for the Northern District of Florida. The state moved for summary judgment. A United States Magistrate found that Thames failed to show denial of effective assistance of counsel or that the results of his trial would have been different had a severance been requested. The district court adopted the magistrate's report and denied the petition. This court granted Thames's motion for a certificate of probable cause and his motion to proceed without prepayment of costs.

## ISSUES

The issues to be resolved are: (1) whether Thames's motion for a certificate of probable cause filed in the district court may be construed as a notice of appeal, and (2) whether the district court properly denied Thames's claim of ineffective assistance of counsel.

## DISCUSSION

■ Thames filed his notice of appeal more than thirty days after entry of final judgment; it was therefore untimely. "Time limitations for filing notices of appeal are mandatory and jurisdictional." *United States v. Eastern Airlines, Inc.,* 792 F.2d 1560, 1562 (11th Cir.1986); *Campbell v. Wainwright,* 726 F.2d 702, 703 (11th Cir.1984); *see also* Fed.R.App.P. 4(a)(1). Nevertheless, Thames did file a motion for a certificate of probable cause in the district court within thirty days of the judgment. In *Scott v. Wainwright,* 698 F.2d 427, 428 (11th Cir.1983), this court held that although a certificate of probable cause is not a traditional notice of appeal, it does constitute sufficient notice of appeal for jurisdictional purposes. *See also Stevens v. Heard,* 674 F.2d 320, 322 (5th Cir.1982) (where certificate of probable cause was sufficient for notice of appeal). "While this court has discretion to disregard irregularities in the form or procedure for filing a notice of appeal, we note that the notice of appeal requirement may be satisfied only by a statement that clearly evinces the party's intent to appeal." *United States v. Rogers,* 788 F.2d 1472, 1475 (11th Cir.1986); *Scott,* 698 F.2d at 428. As in *Scott,* Thames's certificate of probable cause filed in the district court clearly evinces an intent to appeal. Indeed, Thames stated he wished to appeal "the denial of a petition for writ of habeas corpus to the Eleventh Circuit Court of Appeals." Because Thames timely filed a certificate of probable cause within thirty days after the district court's judgment, we construe the motion as proper notice of appeal.

■ Thames's primary claim is that his trial counsel was constitutionally ineffective at his trial, and that he is entitled to an evidentiary hearing to develop material

facts relative to this claim. In evaluating a habeas corpus petition, the burden is on the petitioner to establish the need for an evidentiary hearing. *Smith v. Wainwright,* 777 F.2d 609, 615 (11th Cir.1985), *cert. denied,* 477 U.S. 905, 106 S.Ct. 3275, 91 L.Ed. 2d 565 (1986), *reh'g denied,* —— U.S. ——, 107 S.Ct. 12, 92 L.Ed.2d 767 (1986); *Williams v. Griswald,* 743 F.2d 1533 (11th Cir.1984); *Birt v. Montgomery,* 725 F.2d 587 (11th Cir.1984), *cert. denied,* 469 U.S. 874, 105 S.Ct. 232, 83 L.Ed.2d 161 (1984). The question of whether Thames received ineffective assistance of counsel is a mixed question of law and fact. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Hence, "we are not bound by the finding of either the state court or the district court that [Thames] received effective assistance of counsel." *Smith,* 777 F.2d at 616.

■ Thames contends that the district court improperly denied his ineffective assistance of counsel claim because it did not have a complete record or conduct an evidentiary hearing. The state contends that Thames's claim of ineffective assistance of counsel fails as a matter of law. The state argues that Thames did not have an absolute right to severance and counsel's decision not to sever was a tactical choice. Without the benefit of a complete record, the district court agreed with the state and made a factual determination that Thames's lawyer made a strategical choice not to request a severance. Such a determination is premature. "[F]actual determinations of a state appellate court are to be accorded a presumption of correctness only to the extent that they are 'fairly supported by the record.' " [1] *Dickerson v. State of Alabama,* 667 F.2d 1364, 1369 (11th Cir.), *cert. denied,* 459 U.S. 878, 103 S.Ct. 173, 74 L.Ed.2d 142 (1982) (citing 28 U.S.C. § 2254(d)(8) (1976)); *Sumner v. Mata,* 449 U.S. 539, 101 S.Ct. 764, 66 L.Ed.

2d 722 (1981). Ordinarily, a transcript "is indispensable to determining whether the habeas applicant received a full and fair state-court evidentiary hearing resulting in reliable findings." *Townsend v. Sain,* 372 U.S. 293, 319, 83 S.Ct. 745, 760, 9 L.Ed.2d 770 (1963). Absent careful review of the record, a district court has no measure to determine whether a petitioner's constitutional claim received a full and fair hearing. *See Townsend,* 372 U.S. at 319, 83 S.Ct. at 760.

In this case, the district court did not have record evidence to support its finding that Thames's lawyer's decision was tactical. Although the state trial court made findings of fact based on its recollection of the proceedings, it is not clear whether the lawyer's refusal to sever the charges was tactical.[2] Indeed, the lawyer's decision not to sever Thames's armed robbery charge may have impaired Thames's right to a fundamentally fair trial because of evidence concerning prior felony convictions used to support the unlawful possession of a firearm charge. Likewise, the lawyer's refusal to call an alibi witness to testify for Thames may have prejudiced his case. In *Strickland,* the Supreme Court enunciated a two-part test for determining whether a defendant has received ineffective assistance of counsel. It must be shown that: (1) the acts or omissions were outside the range of competent assistance, and (2) there is a reasonable probability that, but for the error, the results of the proceeding would have been different. *Strickland,* 466 U.S. at 690, 694, 104 S.Ct. at 2065, 2068. Because the district court failed to review the full record, the lawyer's representation was not afforded the requisite constitutional scrutiny as articulated in *Strickland. See generally Townsend,* 372 U.S. at 319, 83 S.Ct. at 760.

Florida law concerning severance of unrelated charges was unsettled at the time of Thames's trial. In *Panzavecchia v.*

---

1. The state filed a transcript containing only the testimony of Thames's alibi witness. The state made this proffer to show that Thames's lawyer made a strategical decision not to call the witness at Thames's second trial. The alibi witness was of little help at Thames's first trial.

2. Essentially, the trial court found that Thames's lawyer was aware of the existence and application of the rules governing severances because she sought to sever other counts of Thames's indictment involving different robberies and that the decision not to seek a severance in this instance was a matter of trial strategy.

*State,* 311 So.2d 782 (Fla. 3d D.C.A.1975), *overruled by State v. Vazquez,* 419 So.2d 1088 (Fla.1982), the court held that severance of criminal offenses is within the discretion of the trial court and a defendant is not entitled to such a severance. In *Orr v. State,* 380 So.2d 1185 (Fla. 5th D.C.A.1980), the Fifth District held that where admission of evidence of a prior felony conviction is necessary to prove a count charging possession of a firearm by a convicted felon, but is not necessary to prove grand theft, severance of the firearm possession count is required to promote a fair determination of the defendant's guilt. *Orr,* 380 So.2d at 1187. The state's contention that Thames's claim of ineffective assistance of counsel fails as a matter of law is unpersuasive.

Thames also contends that the state court did not comply with its own mandatory procedural rules, and that the district court should have found that this failure violated due process. As the state correctly argues, this issue was not raised in the district court and is thus not properly before this court. *See Dean Witter Reynolds v. Fernandez,* 741 F.2d 355, 360 (11th Cir.1984); *Troxler v. Owens–Illinois,* 717 F.2d 530, 532–33 (11th Cir.1983).

Accordingly, the decision of the district court is reversed and remanded.

REVERSED and REMANDED.