[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-11035
Non-Argument Calendar
_____

D.C. Docket No. 5:09-cv-00155-AKK-TMP


JEFF JONES,

Petitioner-Appellant,

versus

COMMISSIONER, ALABAMA DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF ALABAMA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(November 18, 2015)

Before HULL, MARTIN, and ANDERSON, Circuit Judges.

PER CURIAM:

Jeff Jones, an Alabama state prisoner, <u>pro se</u> appeals the district court's denial of his motion to reopen the time to file a notice of appeal from the denial of his 28 U.S.C. § 2254 habeas corpus petition. After review, we affirm, but further direct the district court clerk to docket Jones's December 21, 2012 motion for a certificate of appealability as a notice of appeal.

## I.  BACKGROUND FACTS

### A.    Section 2254 Petition, Denial, and Certificate of Appealability

On January 26, 2009, Jones filed a counseled petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the constitutional validity of his 2001 Alabama murder conviction. In an October 22, 2012 order, the district court denied Jones's § 2254 petition and dismissed the action with prejudice. The district court did not enter a separate final judgment.

On December 21, 2012, Jones filed a counseled motion for a Certificate of Appealability ("COA") in the district court. In that motion, Jones's counsel requested a COA "in order to pursue [an] appeal of the [d]istrict [c]ourt's dismissal of his 28 U.S.C. §2254 petition." In an August 29, 2013 order, the district court denied the COA motion on the grounds that the court did not believe that a reasonable jurist could come to a different conclusion regarding the constitutional claims in Jones's § 2254 petition.

2

**B.     Motion to Reopen the Time to File a Notice of Appeal**

On December 16, 2013, in the district court, Jones filed a pro se motion to reopen the time to file a notice of appeal under Rule 4(a)(6) of the Federal Rules of Appellate Procedure, or, in the alternative, a motion "for an order granting [Jones] an out-of-time appeal" under Rule 60(b) of the Federal Rules of Civil Procedure. Jones averred that his counsel never informed him that his § 2254 petition had been denied, and that he did not discover this information until July 25, 2013.

On February 14, 2014, the district court denied Jones's pro se Rule 4(a)(6) motion to reopen the time to file a notice of appeal for failure to satisfy the preconditions and timing requirements of Rule 4(a)(6).  The district court first noted that it entered an order denying Jones's § 2254 petition on October 22, 2012, but did not enter a separate judgment denying relief as is required by Rule 58. Accordingly, the October 22, 2012 order denying Jones's § 2254 petition was not deemed "entered" for purposes of Rule 4(a)(6) and (7) until 150 days after it was entered on the court's civil docket, which, in this case, was March 21, 2013.

With the March 21, 2013 date in mind, the district court found that Jones did not meet the requirements of Rule 4(a)(6).  First, Jones could not meet the first condition of Rule 4(a)(6), which required Jones to have not received notice of the October 22, 2012 order denying his § 2254 petition within 21 days of its entry, as his counsel received electronic notice of that order on the day it was entered on the

3

civil docket.  Second, even if electronic notice to Jones's counsel was inadequate for the purposes of satisfying Rule 4(a)(6)(A), Jones admitted that he became aware of the October 22, 2012 order denying his § 2254 petition on July 25, 2013. Jones, however, did not file his Rule 4(a)(6) motion to reopen within 14 days of discovering the existence of the October 22, 2012 order denying his § 2254 petition, as is required by Rule 4(a)(6)(B).  Finally, even if Jones had not received proper notice of the existence of the October 22, 2012 order denying his § 2254 petition on July 25, 2013, under Rule 4(a)(6)(B), any Rule 4(a)(6) motion to reopen would have been due 180 days after the March 21, 2013 entry of final judgment, which was September 17, 2013.  Jones, however, did not file his Rule 4(a)(6) motion to reopen until December 16, 2013.

The district court further found no reason to treat Jones's motion to reopen as a motion for relief under Rule 60(b) of the Federal Rules of Civil Procedure, as Jones did not allege any bases for granting relief under that rule.

Jones timely appealed the district court's February 14, 2014 order.

## II.  DISCUSSION

### A.    Standard of Review

We review a district court's denial of a party's Rule 4(a)(6) motion or other type of motion to reopen the time to file a notice of appeal for abuse of discretion. McDaniel v. Moore, 292 F.3d 1304, 1305 (11th Cir. 2002).  We may affirm on any

4

ground that finds support in the record.  Thomas v. Cooper Lighting, 506 F.3d 1361, 1364 (11th Cir. 2007).

**B.**    **Jones's Motion to Reopen the Time to File a Notice of Appeal Failed to Meet the Timing Requirements of Rule 4(a)(6)**

In civil cases, Fed. R. App. P. 4(a)(6) provides that a party who does not receive notice of the entry of an order or judgment within 21 days of its entry may, by filing a motion within 180 days of the entry of the order or judgment or within 14 days of receipt of such notice, whichever is earlier, request the district court to reopen the time for appeal for a period of 14 days.  Fed. R. App. P. 4(a)(6).

In calculating the time from entry of the judgment, we also must consider Rule 58 of the Federal Rules of Civil Procedure, which provides that "[e]very judgment . . . must be set out in a separate document."  Fed. R. Civ. P. 58(a).  This rule requires that a district court enter its judgment in a separate document when denying a § 2254 petition for habeas corpus.  See Jackson v. Crosby, 375 F.3d 1291, 1293 n.5 (11th Cir. 2004).  When a separate document is required by Rule 58, a judgment or order is deemed entered for purposes of Fed. R. App. P. 4(a) on the date when the judgment or order is set forth on a separate document (which never occurred here), or on the date when 150 days have run from entry of the order on the civil docket, whichever is earlier.  Fed. R. App. P. 4(a)(7)(A).

Here, even if Jones did not receive notice of the October 22, 2012 denial of his § 2254 petition within 21 days of its entry, and even if we use the later dates for

5

entry of the judgment, Jones's motion to reopen the time to file a notice of appeal did not meet the timing requirements of Rule 4(a)(6). The district court's October 22, 2012 denial of Jones's § 2254 petition required the entry of final judgment in a separate document. See Jackson, 375 F.3d at 1293 n.5. The district court, however, did not file an entry of final judgment in a separate document. Accordingly, final judgment was entered, by default, on March 21, 2013, which was 150 days from the entry of the October 22, 2012 order on the civil docket. See Fed. R. App. P. 4(a)(7)(A).

Jones then had until September 17, 2013—180 days from the March 21, 2013 entry of judgment—to file a motion to reopen the time to file a notice of appeal. Fed. R. App. P. 4(a)(6)(B). Jones, however, did not file his Rule 4(a)(6) motion to reopen the time to file a notice of appeal until December 16, 2013—approximately three months late. Accordingly, the district court did not abuse its discretion by denying Jones's motion to reopen the time to file a notice of appeal.[1] The case, however, does not end here.

---

[1]The district court also correctly denied Jones's alternative Rule 60(b) motion. See Vencor Hosps. v. Standard Life & Accident Ins. Co., 279 F.3d 1306, 1310-11 (11th Cir. 2002) (holding that Rule 4(a)(6) "provides the exclusive method for extending a party's time to appeal for failure to receive actual notice that a judgment or order has been entered," and noting that Fed. R. Civ. P. 60(b) cannot be used to circumvent Rule 4(a)(6)'s 180-day limitation).

**C.      Jones's Motion for a COA Constitutes a Timely Notice of Appeal**

This Court has long held that an application for a certificate of appealability will be treated as a notice of appeal where no formal notice has been filed.  See Thames v. Dugger, 848 F.2d 149, 150 (11th Cir. 1988) (construing application for certificate of probable cause as a notice of appeal).  Specifically, where a party files an application for a certificate of appealability in the district court and "clearly evinces an intent to appeal," we will construe such a motion as a notice of appeal. See id.

Here, Jones's December 21, 2012 motion for a COA expressly evinced an intent to appeal the October 22, 2012 denial of his § 2254 petition and, therefore, we construe Jones's December 21, 2012 motion for a COA as a notice of appeal. See id.

The construed notice of appeal was timely filed for the following reasons. As discussed above, the district court never entered a separate judgment as required by Rule 58.[2]  Thus, as noted above, final judgment was entered against Jones by default on March 21, 2013—150 days after the district court's October

---

[2]Generally, a notice of appeal in a civil case must be filed within 30 days after the judgment or order appealed from is entered.  Fed. R. App. P. 4(a)(1)(A).  However, the time to appeal does not begin to run until a separate judgment is entered pursuant to Rule 58 of the Federal Rules of Civil Procedure.  Reynolds v. Golden Corral Corp., 213 F.3d 1344, 1346 (11th Cir. 2000).  Moreover, the failure to set forth a judgment or order on a separate document does not affect the validity of a notice of appeal from that order or judgment.  Fed. R. App. P. 4(a)(7)(B); see Am. Disability Ass'n v. Chmielarz, 289 F.3d 1315, 1318 n.1 (11th Cir. 2002).

22, 2012 order denying Jones's § 2254 petition.  See Fed. R. App. P. 4(a)(7)(A).
Because Jones filed his construed notice of appeal on December 21, 2012, well
before final judgment was entered by default, it was timely to appeal from the
district court's October 22, 2012 order denying his § 2254 petition.  Fed. R. App.
P. 4(a)(7)(A-B); Reynolds, 213 F.3d at 1346; Chmielarz, 289 F.3d at 1318 n.1.

Accordingly, the district court clerk should docket Jones's December 21,
2012 motion for a certificate of appealability also as a construed notice of appeal.
Even though Jones's construed notice of appeal from the district court's denial of
his § 2254 petition is timely filed, a petitioner's appeal in a § 2254 case may not be
taken unless a COA issues.  28 U.S.C. § 2253.  Because his motion for a COA
filed in the district court has already been denied, Jones must apply for a COA in
this Court and have it granted before we can review the merits of the district
court's denial of his § 2254 petition.  Id.

### III.  CONCLUSION

In light of the foregoing, we affirm the district court's February 14, 2014
order denying Jones's motion to reopen the time to file a notice of appeal and
alternative Rule 60(b) motion.  However, because Jones's COA motion expressly
evinced an intent to appeal and the district court never entered its judgment in a
separate document from the October 22, 2012 order, we further order the district
court clerk to docket Jones's December 21, 2012 motion for a COA as also a

8

construed notice of appeal from the district court's October 22, 2012 order denying

Jones's § 2254 petition.

**AFFIRMED.**