UNITED STATES of America,
Plaintiff-Appellee,

v.

Gary M. SCHUBERT,
Defendant-Appellant.

No. 83-3418
Non-Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

March 30, 1984.

Marc L. Lubet, Orlando, Fla., for defendant-appellant.

Bruce Hinshelwood, Asst. U.S. Atty., Orlando, Fla., for plaintiff-appellee.

Before HATCHETT, ANDERSON and CLARK, Circuit Judges.

PER CURIAM:

In this criminal case, we examine whether the district court abused its discretion when it failed to allow appellant, Gary M. Schubert, to withdraw his guilty plea. Finding that the district court abused its discretion, we reverse and remand the case.

Law enforcement officers arrested Schubert December 7, 1982, on charges of unlawfully, knowingly, and willfully possessing with intent to distribute approximately three kilograms of cocaine hydrochloride, in violation of 21 U.S.C.A. § 841(a)(1). From the time of his arrest and throughout the early court proceedings, Schubert insisted that Ronald R. Arnold, a government informant, entrapped him into getting involved in the drug transaction.

On March 28, 1983, the day scheduled for Schubert's trial, Arnold appeared voluntarily at Schubert's attorney's office and signed a sworn statement that he was not a government informant. Realizing that he no longer had an entrapment defense, Schubert entered a plea of guilty to all three counts of the indictment.

The court scheduled Schubert's sentencing for May 4, 1983. On that date, Schubert's attorney reviewed the presentence investigation report which revealed that a confidential informant was responsible for beginning the investigation into Schubert's activities. Schubert's attorney realized that Arnold had probably lied in his sworn statement; consequently, he advised the court that he wished to file a motion to withdraw Schubert's guilty plea. On May 11, 1983, Schubert's attorney filed a motion to withdraw the guilty plea and requested the court to hold an evidentiary hearing to de-

termine whether Arnold was a confidential informant and whether Arnold had committed perjury in his sworn statement.

On June 7, 1983, the district court held the requested evidentiary hearing. At the hearing, Arnold admitted being a confidential informant and admitted that he committed perjury in the sworn statement given to Schubert's attorney. Although Schubert did not testify at the evidentiary hearing, the record contains a statement filed by Schubert prior to the hearing in which he explains how Arnold entrapped him.

The district court held that the evidence indicated Arnold lied in his sworn statement to Schubert's attorney. The court concluded, however, that where the movant's factual contentions, if accepted as true, make out no legally cognizable defense, the motion to withdraw need not be granted. The district court concluded that the evidence in support of the motion to withdraw failed to make out an arguable case of entrapment. The district court stated: "Thus, predisposition to commit the crime is obviously present, negating an entrapment defense." The district court further stated: "The most cogent reason for denial of the motion is the defendant's failure to make a reasonable showing of legal innocence."

Federal Rule of Criminal Procedure 32(d) states:

> A motion to withdraw a plea of guilty or of nolo contendere may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea.

■ The Fifth Circuit has held that rule 32(d) should be construed liberally in favor of the accused when the motion to withdraw is made before sentencing. *United States v. Kline*, 560 F.2d 1236 (5th Cir. 1977); *United States v. Presley*, 478 F.2d 163 (5th Cir.1973). Although the rule leaves to the sound discretion of the trial judge the decision of whether a defendant has met his burden of showing adequate

cause for permitting withdrawal of the plea, the courts have stressed that such motions before sentence is imposed should be allowed with great liberality. *Presley*, 478 F.2d at 167. "The court in exercise of its discretion will permit one accused to substitute a plea of not guilty and have a trial if for any reason the granting of the privilege seems fair and just." *Kercheval v. United States*, 274 U.S. 220, 224, 47 S.Ct. 582, 583, 71 L.Ed. 1009 (1927). A public interest exists in protecting an accused's right to a jury trial. *United States v. Strauss*, 563 F.2d 127 (4th Cir.1977).

The First Circuit has stated: "Although misinformation may be more vulnerable to constitutional challenge than mere lack of information . . . a defendant seeking to set aside a guilty plea must at the very least show that correct information would have made a difference in his decision to plead guilty." *Cepulonis v. Ponte*, 699 F.2d 573, 577 (1st Cir.1983). In this case, correct information would have made a difference in Schubert's decision to plead guilty. His plea of guilty was based solely upon Arnold's sworn statement. If Arnold had been truthful in the statement and had admitted that he was the government's confidential informant, Schubert would have proceeded to trial with his entrapment defense. Arnold's lie eliminated any entrapment defense.

No evidence has been presented to indicate that the government's ability to prosecute the case would be prejudiced by granting Schubert's motion to withdraw his guilty plea. *United States v. Barker*, 514 F.2d 208, 222 (D.C.Cir.1975).

■ The fundamental flaw in the district court's ruling is that it denied Schubert's motion to withdraw the guilty plea due to an "alleged" deficiency in Schubert's entrapment claim. The district court relied upon the evidence presented at the evidentiary hearing in concluding that Schubert had a predisposition to commit the crime, thus, negating an entrapment defense. The evidentiary hearing was not designed to evaluate the strength of Schubert's entrap-

ment defense; rather, it was designed to determine whether Arnold perjured himself when he signed a sworn statement denying that he was the government's confidential informant. Once the district court concluded that Arnold had lied, that his lie had influenced Schubert's decision to plead guilty, and that Schubert sought to argue entrapment at his trial, the court should have granted Schubert's motion to withdraw his guilty plea. It was improper for the district court to decide the merits of the proffered defense.

> But discretion must be exercised on the basis of sound information, soundly viewed. Where the accused seeks to withdraw his plea of guilty before sentencing, on the ground that he had a defense to the charge, the district court should not attempt to decide the merits of the proffered defense, thus determining the guilt or innocence of the defendant.

*Gearhart v. United States,* 272 F.2d 499, 502 (D.C.Cir.1959). The district court could not determine, based upon the evidence presented at the evidentiary hearing, that Schubert's defense of entrapment was patently frivolous. *Gearhart,* 272 F.2d at 503. A court should not, under *Gearhart,* even attempt to decide the merits of the proffered defense. Especially, is this true where the possible testimony of the defendant could be crucial.

In *United States v. Morgan,* 567 F.2d 479 (D.C.Cir.1977), the court of appeals reviewed a district court's denial of a defendant's motion to withdraw his guilty plea:

> On remand, the trial judge found that "Morgan would have had at best a contested insanity defense." This finding profoundly misunderstands the nature of the harm to Morgan: it was precisely this contested insanity defense to which Morgan was entitled. Moreover, the court's finding seriously misconceives the trial court's role. As we held in *Gearhart v. United States,* "where the accused seeks to withdraw his plea of guilty before sentencing, on the ground that he has a defense to the charge, the district court should not attempt to decide the merits

of the proffered defense, thus determining the guilt or innocence of the defendant."

*Morgan,* 567 F.2d at 493.

In this case, the district court decided the merits of Schubert's proffered defense of entrapment and concluded that, due to the predisposition of Schubert to commit the crime, no entrapment defense existed. The district court held that Schubert failed to make a reasonable showing of legal innocence. Under the *Morgan* rationale, the district court misconceived its role in reviewing Schubert's motion to withdraw his guilty plea. Instead of determining whether withdrawal should be permitted because it would be fair and just, the district court decided the merits of the proffered entrapment defense. The Eighth Circuit directly analyzes this point in *Bergen v. United States,* 145 F.2d 181 (8th Cir.1944). The court held:

> We think it may be gathered from all of the cases that an accused is entitled to withdraw a plea of guilty if it fairly appears that he was in ignorance of his right and of the consequence of his act, or if it appears that the plea was made under some mistake or misapprehension. The withdrawal should not be denied where a proper showing for its allowance is made, merely because a defendant on a trial might or probably would be found guilty. While the burden is on the accused to show cause for the change of his plea, the court's discretion should be exercised liberally so as to promote the ends of justice and to safeguard the life and liberty of the accused ....

*Bergen,* 145 F.2d at 187.

The district court relies extensively upon *United States v. Barker,* 514 F.2d 208 (D.C. Cir.1975), for the proposition that if the movant's factual contentions, when accepted as true, make out no legally cognizable defense to the charges, he has not effectively denied his culpability, and his withdrawal motion need not be granted. *Barker,* 514 F.2d at 220. The *Barker* decision is distinguishable from this case on two points.

First, unlike the "national security" defense in *Barker,* if Schubert's factual contentions were accepted as true, he makes out a legally cognizable defense to the charges. Second, the court of appeals in *Barker* upheld the district court's denial of the defendants' motion to withdraw their guilty plea based not on the fact that the defenses were meritless, but because the defendants had not presented adequate justification for delaying the assertion of their innocence. No such delay exists in the present case. Schubert, upon receiving information that Arnold had perjured himself, quickly advised the court and moved to withdraw his guilty plea. The *Barker* case, thus, can be distinguished from this case.

Under the Supreme Court test in *Kercheval,* holding that a court will permit withdrawal of a guilty plea in the exercise of its discretion if for any reason the granting of the privilege seems fair and just, Schubert's motion to withdraw his guilty plea should have been granted. The question of whether Schubert had a proper entrapment defense should have been left for resolution at trial. The district court abused its discretion when it denied Schubert's motion to withdraw his guilty plea.

**REVERSED and REMANDED.**