803 F.2d 722
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee
v.
LUTHER H. TAYLOR, Defendant-Appellant.
 No. 86-5014.
 United States Court of Appeals, Sixth Circuit.
 Sept. 8, 1986.
 
 Before: ENGEL and NORRIS, Circuit Judges; and COHN, District Judge.*
 PER CURIAM.
 
 
 1
 The defendant, Luther H. Taylor, appeals his conviction in the United States District Court for the Eastern District of Tennessee on a two-count indictment charging him with conspiracy to distribute and possess with the intent to distribute three kilograms of cocaine hydrochloride in violation of 21 U.S.C. Sec. 846 (Count I), and with the unlawful possession with the intent to distribute a kilogram or more of cocaine hydrochloride in violation of 21 U.S.C. Secs. 841(a)(1) and 841(b) (Count II). On appeal, defendant raises two arguments in support of his contention that the district court's judgment should be reversed and/or remanded for new trial. First, Taylor claims that the government failed to advise him that their informer and principal witness was perjuring himself and had perjured himself in the past, thereby depriving Taylor of his right to due process. Taylor also claims that the trial court erroneously determined that the government had not entrapped him within the meaning of federal law.
 
 
 2
 On August 2, 1985, Luther H. Taylor was indicted for conspiracy and possession with intent to distribute three kilograms of cocaine, and with aiding and abetting the distribution of cocaine in violation of 21 U.S.C. Secs. 846, 841(a)(1), and 18 U.S.C. Sec. 2. Prior to trial, Taylor waived his right to a jury and the case was tried before District Judge Thomas G. Hull. Prior to and after the commencement of the trial, Taylor admitted that from June, 1985, he participated in the conspiracy charged, and he further stipulated that all of the charged acts from June 7, 1985, were admitted. Taylor then raised the defense of entrapment. Trial commenced on November 7, 1985, and, on November 13, 1985, Judge Hull returned his verdict, finding Taylor guilty on both counts of the indictment. Thereafter, Taylor was sentenced to imprisonment for a term of six years on Count I and six years on Count II to run consecutively followed by a mandatory special parole term of eight years with eligibility for parole under the provisions of 18 U.S.C. Sec. 4205(b)(2). Taylor then filed a timely notice of appeal from the district court's judgment on December 16, 1985.
 
 
 3
 On appeal, Taylor initially contends that the government failed to advise him that Ronald Arnold, who had cooperated with the government and who had also testified on behalf of the government, was perjuring himself and had perjured himself in the past. According to Taylor, in United States v. Schubert, 728 F.2d 1364 (11th Cir. 1984), Arnold had admitted he was a perjurer in the Florida District Court. Taylor insists that the government knew or should have known that Arnold was a perjurer, and that the government therefore violated Brady v. Maryland, 373 U.S. 83 (1963), and the Jencks Act, 18 U.S.C. Sec. 3500, when it failed to disclose this information. According to Taylor, the government's failure to disclose this material prejudiced his case and therefore deprived him of a fair trial under the Fifth Amendment to the United States Constitution.
 
 
 4
 As an alternative ground for reversal, Taylor argues that the trial court erroneously determined that there was insufficient evidence of entrapment on the part of government agents. Specifically, Taylor argues that he was enticed to commit the crime because of the actions of Arnold who, Taylor asserts, was acting under the direct supervision of government agents and whose actions should therefore be imputed to the government. Taylor insists that when this evidence is considered the government failed to carry its burden of proving beyond a reasonable doubt that he was predisposed to commit the offenses charged. For similar reasons, Taylor also claims that the district court erred in finding that the offenses charged were not the product of creative activity on the part of law enforcement officials.
 
 
 5
 Upon consideration, the court is of the opinion that the government presented sufficient evidence from which the trial judge could find beyond a reasonable doubt that Taylor was not entrapped into committing the two offenses of which he was charged in the indictment.
 
 
 6
 With respect to Taylor's assertion that the government was guilty of withholding evidence favorable to the accused in violation of Brady v. Maryland, we observe that this issue was not in the first instance presented to the district court, since it apparently was not known to the defendant until after he had filed his notice of appeal. Although Taylor might have employed the procedures established in our circuit for seeking a remand for the purpose of making a motion for a new trial under Rule 33 of the Federal Rules of Criminal Procedure, he has not seen fit to do so, preferring, it appears, to obtain from this court on appeal some disposition on the merits favorable to him by persuading us to take judicial notice of the alleged withholding and to act thereon even though that issue has not been presented in the first instance to the trial court. This we decline to do.
 
 
 7
 Accordingly, the judgment of the district court is affirmed without prejudice, however, as to any rights defendant may have to present the Brady issue to the district court by motion timely brought under Rule 33, if still available, or by action under 28 U.S.C. Sec. 2255, or other appropriate means.
 
 
 
 *
 The Honorable Avern Cohn, United States District Judge for the Eastern District of Michigan, sitting by designation