DOWNEY, Judge.
Appellant, Michael Vlacich, was convicted of trafficking in cocaine and grand theft and sentenced to a term of imprisonment. He contends on appeal that the trial court erred in denying his motion to vacate a plea agreement entered into prior to sentencing.
Early on, prior to trial, appellant filed a motion for disclosure of the confidential informant involved in his case because appellant’s defense was entrapment. After an evidentiary hearing, the trial court granted the motion and, in due course, appellant deposed the informant. Appellant contends that the testimony adduced in the deposition severely undermined his entrapment defense and, as a result, he entered *1174 into a negotiated guilty plea that was accepted by the court. However, prior to sentencing, the informant gave appellant an affidavit in which he admitted perjuring himself and he recanted many of the inculpating statements made in his deposition that bore upon the entrapment defense. Appellant immediately moved to vacate the guilty plea. Prior to a hearing on said motion a telephone deposition[1] of the informant was staged at which the state was able to cross-examine the informant at length. The telephonic deposition confirmed in many respects the previous affidavit he gave to appellant. In any event, after a hearing on the motion to vacate, the trial court denied the motion and sentenced appellant to a term in prison.
Appellant contends that he has always maintained that he was entrapped by the confidential informant and that he did not have any predisposition to commit the crime, but was persuaded to do so by the informant. But for the character of the informant’s testimony on deposition, appellant contends, he "would have pursued the entrapment defense through trial. However, he felt the defense was no longer viable after hearing the informant’s testimony. In view of the present status of the case, the informant having recanted and admitted to perjury respecting appellant’s conduct in the matter, appellant argues that justice and fairness mandated that he be allowed to withdraw his plea and proceed to trial.
In a strikingly similar case, the Eleventh Circuit Court of Appeals reversed the district court in United States v. Schubert, 728 F.2d 1364 (11th Cir.1984), for refusing to allow a defendant to withdraw his guilty plea. Therein, the defendant insisted from the outset that a government informant had entrapped him into getting involved with the drug transaction. On the day scheduled for Schubert’s trial, the informant voluntarily appeared at Schubert’s attorney’s office and signed a sworn statement that he was not a government agent. Realizing that he no longer had a viable defense of entrapment, the defendant entered a plea of guilty. Thereafter, an evi-dentiary hearing was held, revealing that the individual was a confidential informant and that he had committed perjury in the earlier sworn statement. Despite the foregoing, the district court found that a predisposition to commit the crime was obviously present, negating the defense of entrapment, and denied the motion to withdraw the guilty plea. Noting the liberality in favor of a trial on the merits, and that correct information would have made a difference in the defendant’s decision to plead guilty, the appellate court held that the defendant should have been allowed to withdraw his guilty plea. The court cautioned that the lower court should not have even attempted to decide the merits of the proffered defense on the motion to withdraw the plea. The trial court herein made the same mistake when it opined that there was nothing definite to show that the informant set appellant up to do something that he didn’t want to do and by its comment that the informant was leaving the country anyway, so he wouldn’t be able to testify at trial.
Florida Rule of Criminal Procedure 3.170(f) provides that the court may, and in its discretion shall, upon good cause, at any time before sentence permit a plea of guilty to be withdrawn. All of the cases, both state and federal, agree that this rule should be liberally construed to allow withdrawal of a guilty plea if justice or right and fairness so dictate and because “the law is partial to a trial on the merits.” State v. Braverman, 348 So.2d 1183 (Fla. 3d DCA 1983). See also United States v. Schubert, 728 F.2d 1364 (11th Cir.1984). Reasons generally considered supportive of granting a motion to vacate a guilty plea are that the plea was entered under mental weakness, mistake, surprise, fraud, misapprehension, fear, promise, or other circumstances infecting the plea. E.g., Baker v. State, 408 So.2d 686 (Fla. 2d DCA 1982).
*1175 The record before us reflects that the informant involved was not a citizen or resident of the United States and, while he spoke English, he did so poorly. Furthermore, his testimony is frequently contradictory and whimsical, to say nothing of his outright admission of perjury. Since he was illegally in the United States, he had a motive for ingratiating himself with the authorities so as to preclude deportation, plus the fact that he admitted to having made a large sum of money as an informant assisting the police in arresting numerous felons.
Therefore, considering the liberal construction and application to be given the rule and the unusual factual situation presented, we believe the trial court erred in refusing to vacate appellant’s guilty plea.
Accordingly, the order denying the motion to vacate the guilty plea is reversed and the cause is remanded to the trial court to allow withdrawal of said plea and for further appropriate proceedings.
LETTS and STONE, JJ., concur.

. The informant was a citizen of Germany, illegally in the United States, and was deported after furnishing the above-mentioned affidavit.