[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-13499

_____

D.C. Docket No. 1:12-cr-00040-MW-GRJ-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SEBASTIAN DARONE MCCOY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(January 19, 2016)

Before HULL and JILL PRYOR, Circuit Judges, and ROYAL,[*] District Judge.

PER CURIAM:

Sebastian Darone McCoy appeals his conviction for being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). He argues that the district court abused its discretion by denying his motion to withdraw his guilty plea.

We review the district court's denial of a motion to withdraw a guilty plea for an abuse of discretion. United States v. Brehm, 442 F.3d 1291, 1298 (11th Cir. 2006). The district court does not abuse its discretion unless its denial is arbitrary or unreasonable. Id. We review an alleged Brady[1] violation de novo. United States v. Brester, 786 F.3d 1335, 1338 (11th Cir. 2015). After review of the briefs and the record and after oral argument, we conclude the district court did not err in denying McCoy's motion to withdraw his guilty plea and thus affirm his conviction.

## I.    WITHDRAWAL OF A GUILTY PLEA

A defendant may withdraw his guilty plea after the court accepts the plea, but prior to sentencing, if he shows "a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). A defendant does not have an absolute

---

[*]Honorable C. Ashley Royal, United States District Judge for the Middle District of Georgia, sitting by designation.

[1]Brady v. Maryland, 373 U.S. 83, 83 S. Ct. 1194 (1963).

right to withdraw his guilty plea. See United States v. Medlock, 12 F.3d 185, 187 (11th Cir. 1994). Factors that we consider include: (1) whether close assistance of counsel was available; (2) whether the plea was knowing and voluntary; (3) whether judicial resources would be conserved; and (4) whether the government would be prejudiced by a withdrawal of the plea. Brehm, 442 F.3d at 1298.

A district court accepting a guilty plea must ensure that the three core concerns of Rule 11 are met: (1) the plea is free from coercion; (2) the defendant understands the nature of the charge; and (3) the defendant knows and understands the consequences of the plea. United States v. Freixas, 332 F.3d 1314, 1318 (11th Cir. 2003). A defendant challenging a guilty plea based on a lack of information must show that the correct information would have made a difference in his decision to plead guilty. See United States v. Schubert, 728 F.2d 1364, 1365 (11th Cir. 1984). There is a strong presumption that statements made during a plea colloquy are true. Medlock, 12 F.3d at 187.

A guilty plea waives many non-jurisdictional defenses, but some non-jurisdictional defenses may be raised notwithstanding the plea. See United States v. Matthews, 168 F.3d 1234, 1242 (11th Cir.) (listing examples), amended on denial of reh'g sub nom. United States v. Moore, 181 F.3d 1205 (11th Cir. 1999). This Court has not decided whether a guilty plea waives a Brady claim, or

(assuming that it does not) whether the government must know of the Brady material at issue before the plea is entered or merely before sentencing for the defendant to have a Brady claim. See id. at 1242-43 (declining to decide the issue because the defendants did not raise a viable Brady claim for other reasons).[2]

## II.    ANALYSIS

The district court did not abuse its discretion by denying McCoy's motion to withdraw his plea. During his plea colloquy, McCoy affirmed that he was satisfied with his attorney's representation and that he had enough time to consult his attorney and explain everything he knew about the case. The record evidence shows that his attorney reviewed the information provided to him through discovery, asked the government to verify that its discovery was comprehensive, sought additional information from McCoy, and negotiated with the government on McCoy's behalf after McCoy indicated that he wanted to plead guilty.

Furthermore, the core concerns of Rule 11 were addressed during McCoy's plea colloquy, as he testified that he was not threatened or coerced into that plea, and he was informed of the elements of his offense, the maximum penalties for the offense, the trial rights that he waived by pleading guilty, and the civil rights that

---

[2]At least two circuits have concluded that a guilty plea does not automatically waive a Brady claim. Sanchez v. United States, 50 F.3d 1448, 1453 (9th Cir. 1995); United States v. Wright, 43 F.3d 491, 496 (10th Cir. 1994). At least two circuits have held otherwise. United States v. Conroy, 567 F.3d 174, 178 (5th Cir. 2009) (Brady claim waived where defendant pled guilty); Smith v. United States, 876 F.2d 655, 657 (8th Cir. 1989) (same). But see White v. United States, 858 F.2d 416, 422 (8th Cir. 1988) (acknowledging that a Brady violation could be a consideration in whether a guilty plea is valid).

he would lose as a felon.  Freixas, 332 F.3d at 1318.  Therefore, the district court's conclusions that McCoy received close assistance of counsel and made a knowing and voluntary plea were not arbitrary or unreasonable.

Finally, we need not decide whether a guilty plea waives a Brady claim.  To demonstrate a Brady violation, the defendant must prove that: (1) the government possessed evidence that was favorable to him; (2) he did not possess the evidence and could not obtain the evidence with any reasonable diligence; (3) the prosecution suppressed that evidence; and (4) there is a reasonable probability that the outcome would have been different had the evidence been disclosed to him. United States v. Vallejo, 297 F.3d 1154, 1164 (11th Cir. 2002).  Prejudice is not established by the mere possibility that undisclosed information might have helped the defense or affected the outcome of a trial.  Brester, 786 F.3d at 1339.

Even if McCoy did not waive his Brady claim by pleading guilty, he did not demonstrate a reasonable probability that the result of the proceedings would have been different had the government disclosed the 14-page ACSO report concerning his arrest.  The undisclosed report was largely inculpatory as it confirmed the account of the incident provided in another law enforcement report that was disclosed during discovery.[3]  The statement given by Darian Holmes (that McCoy

---

[3]To the extent the ACSO report mentions other documents we do not consider them as they are not part of the record in the district court or on appeal.  And we do not speculate on what these documents might show.

claims was exculpatory) in the undisclosed report did not indicate that Holmes even saw the police chase or street incident where McCoy possessed the Glock firearm, causing the sheriff's deputy to arrest him.  In fact, Holmes's account of an event prior to this incident was contradicted by other witnesses and was not credible in light of this and other evidence.  Further, the record evidence shows that McCoy wanted to plead guilty, regardless of the information that he received during discovery.  McCoy has failed to show the requisite prejudice.

For various reasons, the district court did not abuse its discretion by denying McCoy's motion to withdraw his guilty plea, and we affirm his conviction.[4]

**AFFIRMED.**

---

[4]McCoy has not raised any challenge to his 92 months sentence.