[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-10511
Non-Argument Calendar
_____

D.C. Docket No. 3:15-cr-00045-RV-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ROBERT WIGGINS, JR.,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(December 21, 2016)

Before MARTIN, JILL PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Robert Wiggins appeals his conviction for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and his resulting sentence. After pleading guilty, Wiggins filed five motions to withdraw his plea, all of which the district court denied. Wiggins appeals these denials. At sentencing, in part based on his attempts to skirt his plea agreement, the district court denied Wiggins a downward departure for acceptance of responsibility under U.S.S.G. § 3E1.1. Wiggins also appeals this denial.

Wiggins argues that the district court abused its discretion in denying his motions to withdraw his guilty plea. Specifically, he argues that his attorney made numerous errors surrounding his plea and that the district court erred in evaluating the merits of his entrapment defense. But the record does not support either of these arguments, so the district court did not abuse its discretion. Wiggins also contends that he should have received a downward departure for acceptance of responsibility because he plead guilty and never denied possessing firearms. But in attempting to withdraw his plea, Wiggins made several arguments that could reasonably be construed as trying to escape responsibility for his crime. The district court did not, therefore, err in finding that Wiggins had not accepted responsibility.

After careful consideration, we find no reversible error and therefore affirm.

2

## I.    FACTS

Wiggins was charged with one count of possessing firearms by a convicted felon under 18 U.S.C. § 922(g)(1).  He agreed to plead guilty pursuant to a plea agreement with the government.  According to the plea agreement's factual basis, a confidential informant working with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") made contact with Wiggins in a hotel room and purchased three firearms from him, all while wearing a video recording device.

At a change-of-plea hearing, the district court questioned Wiggins, who was accompanied by his appointed counsel, Ron Johnson.  Wiggins, under oath, testified that he wished to plead guilty to possessing firearms and had discussed fully with counsel the charge against him, the plea agreement, and the plea agreement's factual basis.  Wiggins testified that he had read the factual basis and that the facts it detailed were true.  When the district court asked Wiggins if he was satisfied with his counsel's representation, he responded, "most definitely."  The district court accordingly found that Wiggins made his decision to plead guilty freely, knowingly, voluntarily, and with the advice of counsel, and it accepted his plea.

Shortly after this hearing, Wiggins filed, *pro se*, a motion to withdraw his guilty plea.  Wiggins argued that the factual basis for his plea was incorrect because he never sold firearms and that he had evidence to show that an ATF agent

3

was lying and had produced false evidence.  Wiggins thereafter filed a second, counseled, motion seeking to withdraw his plea.  This motion reiterated that the factual basis was false insofar as it stated that Wiggins sold firearms.

The district court denied the first motion as improper because Wiggins was represented by counsel[1] but held a hearing on the second motion before denying it.  At the hearing, Wiggins argued that the factual basis of his plea was inaccurate, asserting that he was entrapped into selling firearms by the government.  Wiggins initially denied even possessing the firearms, but after the district court clarified that the guns did not have to be in his actual possession and that construction or joint possession would suffice, Wiggins acknowledged being "around [them]."  During the hearing, Wiggins's counsel, Johnson, questioned his client as to whether he truly would like to go to trial in light of the possible loss of the acceptance of responsibility reduction and given the prosecution's strong case.

At the conclusion of the hearing, the district court denied Wiggins's second motion to withdraw his plea.  The court determined that close assistance of counsel was available to Wiggins, calling that determination "obvious."  The court found that Wiggins's guilty plea had been knowing and voluntary, explaining that the court had "looked at the entire plea proceeding" and "s[aw] nothing at all in there to indicate that there's anything in error."  The court also found that judicial

---

[1] Wiggins did not challenge the judge's ruling that his uncounseled motion to withdraw his guilty plea was improperly filed.  He therefore has waived this argument.

4

resources would be conserved by rejecting Wiggins's request to withdraw his plea. Finally, the court found that the government would not be prejudiced by the withdrawal of Wiggins's plea.

After the hearing, Wiggins filed a third motion[2] to withdraw his guilty plea, which repeated the argument that he had been entrapped into selling firearms by the government. Wiggins also seemed to argue that the government would not have evidence of his possession of firearms had it not entrapped him and that this evidence therefore should be excluded. The district court denied his third motion.

At Wiggins's request, Johnson moved to withdraw as counsel. The district court granted this motion and appointed replacement counsel. Replacement counsel then filed his own motion to withdraw and requested a *Faretta*[3] hearing to determine whether Johnson was capable of representing himself. The district court held a *Faretta* hearing, where the court once again inquired if Wiggins denied possessing firearms. This time, Wiggins asked if he could "plead the Fifth." The district court allowed replacement counsel to withdraw.[4]

---

[2] The district court referred to this motion, filed October 29, 2015, as the second motion to withdraw Wiggins's guilty plea when denying it.

[3] *Faretta v. California*, 422 U.S. 806 (1975).

[4] On Wiggins's request, the district court re-appointed counsel for sentencing.

Wiggins filed two more motions, *pro se*, to withdraw his guilty plea.  His fourth motion[5] argued more directly than his third that evidence of the firearms he admitted possessing should be excluded at trial under Federal Rule of Evidence 403.  It also argued that Wiggins's previous counsel, Johnson, had been ineffective, in part because he had convinced Wiggins that conviction at trial would be automatic.  Wiggins's fifth motion substantially repeated his previous allegations.  The district court denied both motions.

At sentencing, the district court found that Wiggins had not accepted responsibility for his crime and therefore denied him a two-level downward departure under U.S.S.G. § 3E1.1.[6]  This finding matched the recommendation from the probation office, and was made over Wiggins's objection.  The court stated that "under the guidelines and the statements that define [them], acceptance of responsibility requires more than just a plea of guilty, and it's not here in this case."  This appeal followed, focusing on the district court's denial of Wiggins's motions to withdraw his guilty plea and for a downward departure for acceptance of responsibility.

---

[5] Wiggins refers to this motion, filed December 16, 2015, as his third motion to withdraw his guilty plea in the motion's title.

[6] Although Wiggins sought a three-level downward departure for acceptance of responsibility, the government did not move for a one-level reduction under U.S.S.G. § 3E1.1(b). This appeal, therefore, concerns the district court's denial of the two-level downward departure it was entitled to grant of its own accord under U.S.S.G. § 3E1.1(a).

6

## II.    DISCUSSION

### A.    Withdrawal of Guilty Plea

Wiggins challenges the district court's denial of his motions to withdraw his guilty plea, arguing that the district court erroneously rejected his "fair and just reason[s] for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B); *see United States v. Izquierdo*, 448 F.3d 1269, 1276 (11th Cir. 2006) (noting that the defendant bears the burden to demonstrate fair and just reasons for withdrawal of the plea). Wiggins argues that the district court erred in evaluating the merits of his entrapment defense and that his attorney erred in neglecting to apprise him of it. But entrapment was inapplicable to the crime with which Wiggins was charged. Further, Wiggins argues that his attorney advised him to sign an inaccurate factual statement, failed to prepare for trial, and coerced him into pleading guilty. The district court found, however, that Wiggins's guilty plea was made knowingly, voluntarily, and with the close assistance of counsel. Neither the record nor Wiggins's arguments persuade us that these findings were in error.

We review the district court's denial of a request to withdraw a guilty plea for an abuse of discretion. *United States v. Brehm*, 442 F.3d 1291, 1298 (11th Cir. 2006). In determining whether a defendant has shown a fair and just reason to withdraw his guilty plea, a district court "may consider the totality of the circumstances surrounding the plea." *United States v. Buckles*, 843 F.2d 469, 471–

7

72 (11th Cir. 1988).  "The good faith, credibility and weight of a defendant's assertions in support of a motion to withdraw a guilty plea are issues for the trial court to decide."  *Brehm*, 442 F.3d at 1298 (internal quotation marks and alterations omitted).  Here, the district court was within its discretion to deny Wiggins's motions to withdraw his guilty plea.

### 1.    Entrapment Defense

Wiggins argues that his proffered entrapment defense was a fair and just reason to withdraw his plea and that the district court abused its discretion by considering the merits of that defense.  He bases this argument entirely on our decision in *United States v. Schubert*, 728 F.2d 1364 (11th Cir. 1984).  *Schubert* is distinguishable, however, because Wiggins would still be guilty of possessing firearms even if he was entrapped into selling them.  His argument that he was entrapped into selling firearms was simply inapplicable to the crime with which he was charged and to which he pled guilty, possessing firearms, so the district court did not err in denying Wiggins's motion to withdraw his plea.

In *Schubert*, the defendant also tried to withdraw a guilty plea based on an entrapment defense.  *See id.* at 1365–65.  He had pled guilty because a government informant signed a sworn statement saying that the informant was not working for the government, and he moved to withdraw that plea when the informant's lie came to light.  *See id.* at 1364–65.  But the district court denied Schubert's request

8

to withdraw his plea. *See id.* at 1365. It determined that Schubert had been predisposed to commit the crime with which he was charged and that he did not, therefore, have a meritorious entrapment defense. *See id.*

This Court reversed that decision, calling it "improper for the district court to decide the merits of the proffered defense" in the context of a plea withdrawal. *See id.* at 1366. But the district court here did not weigh the merits of Wiggins's defense and decide, as in *Schubert*, that the facts he alleged failed to satisfy entrapment's requirements. Rather, when presented with Wiggins's entrapment argument, the district court stated that it "might be a good argument" were Wiggins "charged with selling the firearm," but as he was not, the court did not "see how [Wiggins] can be entrapped to possess these firearms under these circumstances." Where the district court in *Schubert* decided that the entrapment claim raised there was not likely to succeed, the court here decided that entrapment was not applicable at all. Even if all the facts Wiggins alleged were taken as true—i.e., a government informant cajoled him into selling firearms—entrapment would still not present any defense to possession of firearms, the crime to which Wiggins plead guilty.[7]

---

[7] Entrapment can provide a defense to possession of a firearm by a convicted felon, *see United States v. Sistrunk*, 622 F.3d 1328, 1332 (11th Cir. 2010), but Wiggins did not and does not allege that he was entrapped into possessing firearms, only selling them.

Other circuits have recognized this distinction. One wrote that "[i]f the movant's factual contentions, when accepted as true, make out no legally cognizable defense *to the charges*, he has not effectively denied his culpability, and his withdrawal motion need not be granted." *United States v. Barker*, 514 F.2d 208, 220 (D.C. Cir. 1975) (emphasis added).[8] Another wrote that a defense raised in withdrawing a plea was "irrelevant to this appeal because it [was] insufficient on its face." *United States v. Allard*, 926 F.2d 1237, 1242 (1st Cir. 1991). We find this reasoning persuasive. The district court did not, therefore, abuse its discretion in deciding that Wiggins's entrapment defense was not a fair and just reason to allow him to withdraw his guilty plea.

### 2.    Totality of the Circumstances Surrounding Plea

Nor did the totality of the circumstances surrounding Wiggins's guilty plea support his attempts to withdraw it. In making this totality of the circumstances determination, relevant factors include "(1) whether close assistance of counsel was available; (2) whether the plea was knowing and voluntary; (3) whether judicial resources would be conserved; and (4) whether the government would be prejudiced if the defendant were allowed to withdraw his plea." *Buckles*, 843 F.2d

---

[8] In *Schubert*, this court distinguished *Barker*. *See Schubert*, 728 F.2d at 1366–67. There, we noted, *inter alia*, that "unlike the 'national security' defense in *Barker*, if Schubert's factual contentions were accepted as true, he makes out a legally cognizable defense to the charges." *See id.* But here, Wiggins's entrapment defense is inapplicable to his charges, so this case is more akin to *Barker* than *Schubert*.

10

469 (citations omitted).  Wiggins challenges the district court's findings as they relate to the first two elements, which we address in turn.  We have, in the past, focused on the first two *Buckles* factors and minimized the others if these first two have been satisfied.[9]  As these first two factors were satisfied here, we will give no further consideration to the third and fourth factors.

### a.    Assistance of Counsel

Wiggins enjoyed the close assistance of counsel.  In assessing whether close assistance of counsel was available through plea proceedings, we examine whether counsel was available and utilized, as well as whether counsel performed adequately.  *See United States v. McCarthy*, 99 F.3d 383, 385 (11th Cir. 1996) (finding no abuse of discretion where "[t]he district court, after hearing testimony on these issues, found and concluded that Defendant had been ably and professionally represented [and] that close assistance of counsel was available and utilized extensively"); *United States v. Freixas*, 332 F.3d 1314, 1318–19 (11th Cir. 2003) (deferring to the district court's finding "that retained counsel's performance was in no sense deficient").  The district court found that Johnson was available and that Wiggins utilized his assistance, and Wiggins does not dispute these

---

[9] *See United States v. Gonzalez-Mercado*, 808 F.2d 796, 801 (11th Cir. 1987) (declining to give "the third factor under the [*Buckles*] analysis . . . considerable weight" or the fourth factor "particular attention" because the first two factors were satisfied); *see also United States v. McCarty*, 99 F.3d 383, 385 n.2 (11th Cir. 1996) (stating that the district court is not required to find that the fourth *Buckles* factor applies).

findings.  Indeed, Johnson was "standing beside" Wiggins at his change-of-plea hearing, where Wiggins testified that he had fully discussed the charge against him with Johnson, that he had gone over his plea agreement and its factual basis with Johnson, and that he and Johnson had enough time to discuss the case fully.

Instead, Wiggins asserts that Johnson rendered inadequate assistance and therefore was not closely available.  His own words contradict this argument.  At his change-of-plea hearing, Wiggins stated that he was "most definitely" satisfied with Johnson's representation.  Nonetheless, Wiggins now argues that Johnson (1) failed to inform him of his possible entrapment defense; (2) improperly advised him to sign the factual basis of his guilty plea despite its inclusion of inaccurate allegations that Wiggins sold firearms; and (3) failed to prepare for trial.  We disagree on all counts.

Wiggins first argues that close assistance of counsel was unavailable because Johnson failed to advise him of his entrapment defense before he pled guilty.  Wiggins cites our admonition that a "guilty plea does not relieve counsel of the responsibility to investigate potential defenses so that a defendant can make an informed decision."  *See McCoy v. Wainright*, 804 F.2d 1196, 1198 (11th Cir. 1986) (citing *Scott v. Wainright*, 698 F.2d 427, 429 (11th Cir. 1983)).  But in *Scott*, we clarified that "[c]ounsel's advice . . . need not involve every conceivable defense, no matter how peripheral to the normal focus of counsel's inquiry."  698

12

F.2d at 429.  Here, Wiggins was charged with possessing firearms, not selling them.  There was no dispute that Wiggins at least constructively possessed firearms prior to any contact with law enforcement.  Thus, Wiggins could not have been entrapped into possessing these firearms.  Johnson was not deficient in failing to advise Wiggins of an entrapment defense he could not use.

Second, Wiggins argues that Johnson erroneously counseled him to sign the plea agreement, which included in its factual basis a firearms sales transaction that never occurred.  But, once again, Wiggins did not plead guilty to selling firearms, so the facts stating that he had sold them in the factual basis of his guilty plea were immaterial.  Johnson could have contested these facts, but, as the Supreme Court recently recognized:  "[D]uring plea hearings, the defendant may not wish to irk the prosecutor or court by squabbling about superfluous factual allegations." *Descamps v. United States*, 133 S. Ct. 2276, 2289 (2013).  In any event, because the fact, however erroneous, that Wiggins sold the firearms he indisputably possessed did not affect Wiggins's sentence, Johnson's decision not to challenge that fact did not mean that Wiggins lacked the close assistance of counsel under the first *Buckles* factor.

Third, Wiggins contends that Johnson did not prepare for trial and instead pushed Wiggins relentlessly to plead.  But the record contains nothing supporting this allegation.  At the hearing on Wiggins's second motion to withdraw his guilty

13

plea, Johnson questioned his client in open court as to whether he would like to go to trial in light of the possible loss of the acceptance of responsibility reduction and given the prosecution's strong case. Certainly, Johnson was advising Wiggins not to go to trial, but at no time did Johnson state that he was unwilling or unable to try the case.

Wiggins has not demonstrated that Johnson failed to discharge ably his duties as counsel. Thus, he has not met his burden to show that the district court abused its discretion in finding that close assistance of counsel was available to him.

### b.    Knowing and Voluntary Plea

Wiggins's plea was also knowing and voluntary. He argues that Johnson coerced him into pleading guilty by telling him that "conviction at trial would be automatic." Appellant's Br. at 15. But the district court found that Wiggins made a knowing and voluntary guilty plea, and nothing in the record contradicts this finding. It is axiomatic that "[a]ll pleas of guilty are the result of some pressures or influences on the mind of the defendant." *Buckles*, 843 F.2d at 469. "A defendant cannot complain of coercion where his attorney, employing his best professional judgment, recommends that the defendant plead guilty." *Id.* at 472 (internal quotation marks omitted). As noted above, the record demonstrates only that Johnson asked Wiggins to consider whether proceeding to trial over pleading

14

guilty would be a worthwhile endeavor considering the likelihood of conviction and the potential impact of a trial on Wiggins's sentence. We see nothing unreasonable about Johnson's advice to Wiggins regarding the decision to plead guilty. The district court did not abuse its discretion in finding that Wiggins's guilty plea was knowing and voluntary.

## B.    Acceptance of Responsibility

Wiggins also challenges the district court's denial of a downward departure for acceptance of responsibility under U.S.S.G. § 3E1.1. He argues that his guilty plea and candor with the probation officer qualified him for the departure. Further, he contends that his attempt to withdraw his guilty plea was an assertion of his constitutional rights that should not disqualify him from receiving an acceptance of responsibility departure. We cannot agree. The evidentiary and entrapment arguments underlying Wiggins's attempts to withdraw his plea, along with his statements to the district court, provided some evidence that he had not accepted responsibility. Therefore, the district court did not clearly err in denying Wiggins a downward departure for acceptance of responsibility.

We review the district court's denial of an acceptance of responsibility downward departure for clear error. *United States v. Moriarty*, 429 F.3d 1012, 1022 (11th Cir. 2005). "[T]he determination of the sentencing judge is entitled to great deference on review." *Id.* (quoting U.S.S.G. § 3E1.1 cmt. n.5) (internal

15

quotation marks omitted).  We will not set aside this determination unless the record clearly establishes that the defendant has accepted responsibility.  *See id.* at 1022–23.

"The defendant bears the burden of clearly demonstrating acceptance of responsibility."  *Id.* at 1023 (internal quotation marks omitted).  A defendant's guilty plea "will constitute significant evidence of acceptance of responsibility" as long as he also "admit[ted] the conduct comprising the offense of conviction" and "any additional relevant conduct for which he [was] accountable."  U.S.S.G. § 3E1.1 cmt. n.3.  But "this evidence may be outweighed by conduct of the defendant that is inconsistent with such acceptance of responsibility."  *Id.*  "A defendant who enter[ed] a guilty plea is not entitled to an adjustment . . . as a matter of right."  *Id.*

It is certainly true that moving to withdraw a guilty plea does "not automatically preclude" a defendant from receiving a downward departure for acceptance of responsibility.  *See United States v. McCarty*, 99 F.3d 383, 387 (11th Cir. 1996).  Here, however, the district court's determination that Wiggins did not accept responsibility for his crime in light of his motions to withdraw was well supported by the record.  In his several motions, Wiggins "challeng[ed] the admissibility of the essential evidence against him," arguing that evidence of his possession of firearms would be excludable at trial.  *United States v. Gonzalez*, 70

16

F.3d 1236, 1239 (11th Cir. 1995). In so doing, Wiggins "attempted to avoid a determination of factual guilt and to thereby escape responsibility" for the charges, a reason we have approved to support the denial of an acceptance of responsibility reduction. *Id.* at 1239.

Moreover, Wiggins expressly denied possessing firearms, once telling the district court that they "weren't in [his] possession at all."[10] And, at the *Faretta* hearing, Wiggins asked if he could "plead the Fifth" instead of telling the district court whether he possessed firearms. A defendant "may remain silent in respect to relevant conduct *beyond the offense of conviction* without affecting his ability to obtain a reduction" for acceptance of responsibility, but this right does not extend to silence about the offense of conviction itself. U.S.S.G. § 3E1.1 cmt. n.1(a) (emphasis added). Wiggins's statements demonstrated that he did not accept responsibility for his crime.

Wiggins argues that he nonetheless clearly accepted responsibility by entering into a timely plea agreement with the government, signing a factual statement admitting his criminal conduct, and telling the probation officer that he possessed firearms. In light of the conduct detailed above, which was "inconsistent with such acceptance of responsibility," the district court did not clearly err in its decision to deny the reduction. U.S.S.G. § 3E1.1 cmt. n.3.

---

[10] Wiggins did thereafter admit to being "around [them]," when the court clarified that the possession could be constructive or joint.

17

Wiggins also asserts that filing a motion to withdraw a plea involves the exercise of a constitutional right for which he should not have been penalized. Even if Wiggins's attempts to withdraw his guilty plea implicated a constitutional right—for example, the right to a jury trial—the purpose of the acceptance of responsibility downward departure is such that it may be denied to defendants "who put[] the government to its burden of proof at trial." *Id.* § 3E1.1 cmt. n.2. If denying the acceptance of responsibility downward departure to a defendant because he proceeded to trial is acceptable, then so is denying the departure to a defendant who sought to withdraw his plea in order to go to trial. The district court found that Wiggins had not accepted responsibility, and Wiggins has not shown this finding to be clearly erroneous.

## III.   CONCLUSION

For all of the foregoing reasons, we affirm Wiggins's conviction and sentence.

**AFFIRMED.**

18