# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-2745

_____

Joseph Nicholas Beck, Jr.,                       *
                                                 *
    Petitioner - Appellant,                      *
                                                 *   Appeal from the United States
v.                                               *   District Court for the
                                                 *   Eastern District of Missouri.
Michael Bowersox,                                *
                                                 *
    Respondent - Appellee.                       *

_____

Submitted:  June 15, 2001

Filed:  July 30, 2001

_____

Before LOKEN and MORRIS SHEPPARD ARNOLD, Circuit Judges, and
    BATAILLON,[*] District Judge.

_____

LOKEN, Circuit Judge.

Missouri inmate Joseph Nicholas Beck, Jr., is serving two consecutive terms of life in prison for murdering his teenage girlfriend's grandparents in August 1981. The Missouri Court of Appeals reversed the conviction, but a divided Supreme Court of Missouri affirmed the trial court. State v. Beck, 687 S.W.2d 155 (Mo. banc 1985), cert. denied, 476 U.S. 1140 (1986). Beck appeals the denial of his petition for federal

_____

[*]The HONORABLE JOSEPH F. BATAILLON, United States District Judge for the District of Nebraska, sitting by designation.

habeas corpus relief. Concluding that the district court erred in denying his motion to expand the state court record as filed, we reverse.

Prior to trial, Beck moved to suppress incriminating statements made after his arrest in Florida and on the plane flight back to Missouri. The motion was denied after an evidentiary hearing. The Missouri Court of Appeals concluded the statements were obtained in violation of Beck's Fifth and Sixth Amendment rights. The Supreme Court of Missouri disagreed. In considering these issues, both courts drew heavily on the evidence presented at the suppression hearing, including the testimony of Beck, who did not testify at trial. Beck's federal habeas petition again raised these Fifth and Sixth Amendment issues.

After Beck commenced this proceeding in the district court, respondent filed the state court record, as is customary. Beck then filed a motion complaining that the record as filed did not include certain portions of the record before the Supreme Court of Missouri, including the transcript of the suppression hearing, and that prison officials had confiscated Beck's copy of the omitted documents. The district court denied this motion, observing "there is no indication that the motions hearing transcript is necessary to the disposition of this case." Sixteen months later, the court denied Beck's Fifth and Sixth Amendment claims on the merits, concluding "that the record supports the factual findings of the Missouri Supreme Court," and upholding that Court's rulings that Beck's Sixth Amendment right to counsel had not attached, and his Miranda rights had been waived, when he made the incriminating statements in question. On appeal, Beck argues the district court erred in reaching the merits of these issues without reviewing the transcript of the suppression hearing in state court. We agree.

The federal habeas statute, 28 U.S.C. § 2254, provides that relief may be granted on a claim adjudicated in state court if the state court proceeding "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence

presented in the State court proceeding." § 2254(d)(2). In considering whether the state court's decision satisfies that deferential standard, "a determination of a factual issue made by a State court shall be presumed to be correct." § 2254(e)(1). These are difficult standards for the habeas petitioner to overcome. But they require meaningful federal court review of the evidentiary record considered by the state courts. When the habeas claim is that trial evidence should have been suppressed because it was obtained in violation of petitioner's federal constitutional rights, the state court record includes the transcript of any suppression hearing. See Glick v. Erickson, 488 F.2d 182, 184 (8th Cir. 1973). Here, Beck filed a motion advising the district court that a transcript exists, that respondent did not file a copy, and that Beck did not have one to file. It was error to deny that motion and reach the merits of his Fifth and Sixth Amendment claims without reviewing the transcript and including it in the record of this federal habeas proceeding (assuming a copy was available). See Thames v. Dugger, 848 F.2d 149, 151 (11th Cir. 1988).

On appeal, respondent moved to supplement the record with five exhibits counsel for Beck filed with the Supreme Court of Missouri, including the suppression hearing transcript, and argued that the record issue will then be moot. We disagree. The district court must address these issues in the first instance, including any question whether the state court record was adequate to resolve the federal habeas claims. The motion to supplement is granted but only for the purpose of making a complete record on appeal. The judgment of the district court is reversed, and the case is remanded for further proceedings not inconsistent with this opinion. We express no view on the merits of Beck's Fifth and Sixth Amendment claims.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.