**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

BRENDAN NASBY,
*Petitioner-Appellant,*

v.

E. K. MCDANIEL; NEVADA
ATTORNEY GENERAL,
*Respondents-Appellees.*

Nos. 14-17313
15-16264

D.C. No.
3:07-cv-00304-LRH-WGC

OPINION

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Argued and Submitted November 14, 2016
San Francisco, California

Filed April 10, 2017

Before: Stephen Reinhardt and John B. Owens, Circuit
Judges, and Salvador Mendoza, Jr.,[*] District Judge.

Opinion by Judge Reinhardt

---

[*] The Honorable Salvador Mendoza, Jr., United States District Judge
for the Eastern District of Washington, sitting by designation.

## SUMMARY[**]

### Habeas Corpus

The panel vacated the district court's dismissal of Nevada state prisoner Brendan Nasby's habeas corpus petition, vacated the district court's order denying Nasby's motion to alter or amend the judgment under Fed. R. Civ. P. 59(e), and remanded for review of the pertinent state record.

The panel held that the principle articulated in the line of cases beginning with *Jones v. Wood*, 114 F.3d 1002 (9th Cir. 1997), requires a remand because the district court, which failed to obtain and review the relevant portions of the state court record and did not hold an evidentiary hearing on Nasby's claims, did not perform the "independent review" of the basis of the state court's decision that *Jones* requires. The panel wrote that the State's assertion that AEDPA prevents a federal habeas court from reviewing the record and obliges it to accept the state court's description of facts on faith, is clearly wrong. The panel wrote that AEDPA demands the opposite.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

Thomas L. Qualls (argued), Law Office of Thomas L. Qualls Ltd., Reno, Nevada, for Petitioner-Appellant.

Victor-Hugo Schulze, II (argued), Senior Deputy Attorney General; Adam Paul Laxalt, Attorney General; Office of the Attorney General, Las Vegas, Nevada; for Respondents-Appellees.

**OPINION**

REINHARDT, Circuit Judge:

Petitioner Brendan Nasby was convicted of murder in Nevada in 1999. His case has made its way through the state courts, and he now appeals the federal district court's denial of his petition for habeas corpus under 28 U.S.C. § 2254(d). In his petition, Nasby asserts serious constitutional violations based on prosecutorial misconduct, the use of coerced testimony, ineffective assistance of trial and appellate counsel, and errors in the jury instructions. The district court rejected Nasby's claims and dismissed his petition. Because it did so without obtaining or reviewing the record of the relevant proceedings in state court, we vacate and remand for its review of the pertinent state court record.

**BACKGROUND**

**1.**

In August 1998, Brendan Nasby was arrested and charged with the gang-related murder of Michael Beasley. Nasby was

hardly well-represented at trial.  His state-appointed counsel opened with a joke about the likely length of Nasby's sentence.   Although counsel submitted a list of alibi witnesses, he did not call a single one of them at trial.  He failed to investigate other witnesses to support Nasby's position, and failed to introduce important evidence on Nasby's behalf.  After a seven day trial, the jury found Nasby guilty of murder with the use of a deadly weapon and of conspiracy to commit murder.  The judge sentenced Nasby to two life sentences to run consecutively, along with 120 months for the conspiracy conviction.  Nasby has always maintained that he was not involved in the murder.

After sentencing, Nasby's counsel, Joseph S. Sciscento, informed the court of a conflict of interest.  He explained that he had accepted and begun employment with the Special Public Defender's Office prior to trial – an office that concurrently represented one of Nasby's co-defendants, who had testified against him at trial.  The court granted counsel's request to withdraw and appointed a new lawyer, Frederick A. Santacroce, to represent Nasby on appeal.

Nasby then challenged his convictions on a number of grounds before the Nevada Supreme Court.  Prosecutors, Nasby claimed, offered other gang members significantly reduced sentences in exchange for testifying against him and threatened them with contempt if they did not do so.  In addition to his claim that the State relied on coerced testimony, Nasby argued that the trial court wrongly denied a motion for mistrial, and failed to give necessary jury instructions.   The Nevada Supreme Court affirmed the convictions.

**2.**

Nasby fared no better on state collateral review.  He filed a petition for habeas corpus in state court seeking relief on five grounds.  He challenged his conviction under *Batson v. Kentucky*, 476 U.S. 79 (1986); argued that multiple instances of prosecutorial misconduct cumulatively violated his right to due process; made two claims that the trial court failed to give the legally required jury instructions; and asserted that his trial and appellate counsel were unconstitutionally ineffective.  The petition was not successful.

Nasby later filed a second state habeas petition.  This petition asserted that the cumulative effect of prosecutorial misconduct violated Nasby's Fourth, Fifth, Sixth and Fourteenth Amendment rights.  Specifically, Nasby alleged seven instances of prosecutorial misconduct, including that the prosecutor prevented a defense witness from testifying, improperly vouched for the credibility of a state witness, told the jury of facts not in evidence, misstated the law in closing argument, presented false testimony, withheld vital information from the defense, and improperly used a jailhouse informant to obtain incriminating information against Nasby.  Nasby also argued that the trial court erred by allowing the introduction of evidence of prior bad acts and by failing to instruct the jury properly.  Finally, Nasby again claimed ineffective assistance of trial and appellate counsel. He pointed to trial counsel's failure to call witnesses, counsel's application of improper and extreme pressure to plead guilty, his conflict of interest in having accepted employment in the Public Defender's office, his failure

sufficiently to investigate and present evidence,[1] his failure to object to erroneous jury instructions, and his refusal to allow Nasby to testify.

The state trial court held an evidentiary hearing pertaining to Nasby's ineffective assistance of counsel claims.[2] His lawyers, Sciscento and Santacroce, both testified as witnesses. Nevertheless, the court denied Nasby's petition. It found that Nasby's claims of prosecutorial misconduct and trial court error were procedurally barred due to his failure to raise the claims on direct appeal. The court also found that the evidence did not support the ineffective assistance of trial and appellate counsel claims because "the decisions of counsel were reasonable and within the discretion of decision making." The Nevada Supreme Court affirmed.

**3.**

Nasby filed a federal habeas petition in the district court under 28 U.S.C. § 2254. He asserted constitutional violations based on: (1) the cumulative effect of prosecutorial misconduct; (2) the trial court's errors in allowing the introduction of prior bad acts evidence and its failure to properly instruct the jury; (3) ineffective assistance of trial and appellate counsel; (4) the State's use of coerced testimony; (5) the lack of corroborating evidence to support

---

[1] Nasby states that his lawyer "called no witnesses to testify on Petitioner's behalf, presented no defense at all, and . . . failed to introduce any evidence on Petitioner's behalf."

[2] Oddly, the State included the transcript of the hearing in the excerpts of record on this appeal, although it submitted neither the trial transcript nor the transcript of the hearing to the district court, which decided the case without the benefit of either of those documents.

his conviction for conspiracy to commit murder; (6) the trial court's failure to provide a cautionary instruction to the jury regarding accomplice testimony; and (7) the trial court's failure to instruct the jury on willfulness, deliberation, and premeditation.

The district court found some of Nasby's claims unexhausted and the rest procedurally defaulted. It initially rejected Nasby's attempt to return to state court to litigate the unexhausted claims, but after Nasby cited the ineffectiveness of post-conviction counsel and inadequate law library facilities in prison as causes for his failure to exhaust, the court reversed itself and put the federal petition aside while Nasby exhausted his claims in state court. Nasby then failed to obtain relief in state court and, in due course, returned to federal court.

Addressing the merits of a number of Nasby's ineffective assistance of counsel claims, the district court held that Nasby failed to meet his high burden under 28 U.S.C. § 2254(d) of proving that the Nevada Supreme Court's rulings were contrary to, or involved an unreasonable application of, clearly established federal law as determined by the United States Supreme Court, or that the rulings were based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. It reached the same conclusion with regard to one of Nasby's jury instruction claims. Nasby's remaining claims, the court found, were procedurally defaulted.[3] The court nevertheless

---

[3] Specifically, the court found that the defaulted claims were rejected in state court because they were "untimely pursuant to NRS § 34.726(1), successive pursuant to NRS § 34.810(1)(b)(2), an abuse of the writ

addressed the defaulted claims on the merits and concluded that those claims, too, would not merit relief under § 2254(d). Accordingly, the district court dismissed Nasby's petition and denied a Certificate of Appealability ("COA").

Nasby filed a timely notice of appeal to this court. He also filed a motion in district court to alter or amend its judgment pursuant to Fed. R. Civ. P. 59(e). The district court denied that motion. Nasby also filed an unsuccessful Rule 60(b) motion, requesting that the district court vacate its orders denying his habeas petition and his Rule 59(e) motion, and either review and grant his habeas petition and/or Rule 59(e) motion, or grant a COA on all grounds of his petition and the Rule 59(e) motion. Finally, we granted Nasby a COA as to five issues.[4]

## ANALYSIS

We face a threshold obstacle to reviewing Nasby's petition. The district court failed to examine important parts

_____

pursuant to NRS § 34.810(2), and barred by laches pursuant to NRS § 34.800(2)."

[4] The certified issues were: "(1) Whether trial counsel was ineffective due to a conflict of interest; (2) whether the district court erred in failing to address the claim that appellate counsel was ineffective for failing to raise Grounds 1 and 2, and for failing to federalize the claims that counsel did raise; (3) whether the district court properly concluded that the prosecutorial misconduct and violation of *Massiah v. United States*, 377 U.S. 201 (1964) claims were procedurally defaulted; and (4) whether the district court erred in ruling on the merits of appellant's claims without first requiring the State to submit all relevant portions of the state record, including trial and evidentiary hearing transcripts." We also certified for appeal the question "whether the district court properly denied appellant's motion to alter or amend a judgment pursuant to Fed. R. Civ. P. 59(e)."

of the record of the state court proceedings in its adjudication of Nasby's claims. Specifically, the district court never obtained or reviewed the transcript of Nasby's trial or the transcript of the evidentiary hearing that the state court conducted on collateral review. Nor did the district court conduct an evidentiary hearing on Nasby's claims. Instead, it simply relied on the facts as described in the Nevada Supreme Court's opinion denying Nasby relief.

Among the several issues we certified for appeal was "whether the district court erred in ruling on the merits of Nasby's claims without first requiring the State to submit all relevant portions of the state record, including trial and evidentiary hearing transcripts." Because we conclude that the district court did err in this regard and that the case must therefore be remanded for further proceedings, including a further review of the other certified issues, we do not consider the merits of those issues here.[5]

**1.**

Nasby contends that if the role of a federal habeas court were simply to accept on faith the state court's description of the facts, free from any obligation to review the record on which the state court based its judgment, "there would hardly be a reason to have a federal habeas statute at all." We agree.

In *Jones v. Wood*, we held that a habeas court must either obtain and review the relevant portions of the record on which the state court based its judgment, or conduct an evidentiary hearing of its own. 114 F.3d 1002 (9th Cir. 1997). In *Jones*, a habeas petitioner contended that his state

---

[5] *See*, however, fn. 8, *infra*.

conviction was unconstitutional because it was supported by insufficient evidence. The district court dismissed the petition without obtaining the record of proceedings in state court. We reasoned that meaningful collateral review of the state court's adjudication of petitioner's claims requires an "independent" assessment of the basis for the state court's decision. *Id*. at 1108. Without such an independent assessment, the district court would be unable to "determine whether the state court adjudication rested on an unreasonable application of clearly established federal law or an unreasonable determination of fact." *Id*. at 1013. Because the district court in *Jones* did not independently review the record before the state court or develop its own factual record on which to assess the state court's adjudication, we explained that we had "no alternative" but to remand. *Id.* at 1008.

*Jones* built on a long line of our cases requiring federal habeas courts to examine independently the basis for the state court's decision, rather than to accept the state court's determination of the facts on faith. *See, e.g.*, *Lincoln v. Sunn*, 807 F.2d 805, 808 (9th Cir. 1987) ("We may not affirm a district court's denial of a writ of habeas corpus unless the court either held a hearing, or the record shows that the district court independently reviewed the relevant portions of the state court record."); *Johnson v. Lumpkin*, 769 F.2d 630, 636 (9th Cir. 1985) (same); *Turner v. Chavez*, 586 F.2d 111, 112 (9th Cir. 1978) ("In considering a petition for a writ of habeas corpus, the district court must make its determination as to the sufficiency of the state court findings from an independent review of the record, or otherwise grant a hearing and make its own findings on the merits. A reading of the well-reasoned opinion of the state court would indicate that appellant's allegations may be without merit. However,

this cannot be said with certainty without a review of the record. The very nature of the habeas corpus action demands an independent review." (internal citations omitted)).

The principle we articulated in the *Jones* line of cases requires us to remand Nasby's petition to the district court. The district court failed to obtain and review the relevant portions of the state court record and did not hold an evidentiary hearing on Nasby's claims. As a result, it did not perform the "independent review" of the basis for the state court's decision that *Jones* requires. Nasby's petition makes serious claims of ineffective assistance of counsel, prosecutorial misconduct, and improper jury instructions, among others. There can be no doubt that the trial transcript and the transcript of the evidentiary hearing held by the state court are relevant to the adjudication of Nasby's claims. Although *Jones* involved a petition claiming insufficient evidence, not ineffective assistance of counsel or prosecutorial misconduct, nothing in *Jones*'s reasoning limits its holding to such petitions. We therefore have "no alternative" but to remand. *Jones*, 114 F. 3d at 1008.

Five other Circuits have reached the same conclusion and held that remand is necessary in similar circumstances. *See Magouirk v. Phillips*, 144 F.3d 348, 363 (5th Cir. 1998) ("This case must be remanded so that the record can be supplemented with those portions of the state court record necessary to conduct a meaningful review."); *Beck v. Bowersox*, 257 F.3d 900, 901 (8th Cir. 2001) (explaining that the habeas statutes "require meaningful federal court review of the evidentiary record considered by the state courts" and that it was error to "reach the merits of [petitioner's] Fifth and Sixth Amendment claims without reviewing the transcript and including it in the record of this federal habeas

proceeding"); *Jeffries v. Morgan*, 522 F.3d 640, 644 (6th Cir. 2008) ("[A] District Court must make a review of the entire state court trial transcript in habeas cases, and where substantial portions of that transcript were omitted before the District Court, a habeas case should be remanded to the District Court for consideration in light of the full record."); *Aliwoli v. Gilmore*, 127 F.3d 632, 633–34 (7th Cir. 1997) (explaining that because key parts of the state record are missing, "we are unable to examine Aliwoli's claims in light of the whole record of this case, and we must vacate in part the district court's denial of Aliwoli's petition" and "remand this case to the district court, which should ensure that any necessary state materials are submitted by the parties"); *Thames v. Dugger*, 848 F.2d 149, 151 (11th Cir. 1988) ("Absent careful review of the record, a district court has no measure to determine whether a petitioner's constitutional claim received a full and fair hearing.").

On remand, the district court should order the State to submit the relevant portions of the state court record and, after examining them, newly adjudicate Nasby's petition. Regardless of what documents the parties originally submit, it is the district court's independent obligation to obtain the relevant portions of the record. *Jones*, 114 F.3d at 1008 ("That Jones did not include the state court record as part of his habeas petition is of no import. . . . [T]he district court has the duty to obtain that record itself."). Only if the court is satisfied that obtaining the record itself is not feasible, for some legitimate reason, should the district court pursue the alternative that *Jones* provides, an evidentiary hearing. Here, the State has given us no indication that it will not be able to produce the relevant portions of the record. We therefore

expect the district court to obtain and examine the record on remand.**[6]**

**2.**

The State rather remarkably asserts that AEDPA prevents a federal habeas court from reviewing the record and obliges it, instead, to accept the state court's description of facts on faith. At oral argument, the State's counsel even stated that a district court should be reversed if it examined the record in granting relief.**[7]** This is clearly wrong. Far from requiring that a federal court accept the state court's description of the facts without conducting an independent examination of the record, AEDPA demands the opposite.

Under 28 U.S.C. § 2254(d), a federal habeas court is charged with determining whether a state court's disposition of a claim for relief "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," § 2254(d)(1), or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." § 2254(d)(2).

---

**[6]** It is, as a result, unnecessary for us to discuss further the nature of the hearing that the district court would be obliged to hold should the original record, or any material part of it, be unavailable.

**[7]** When asked if, had the district court ordered the transcripts and granted relief, "we would have to reverse that," counsel for the State responded, "Yes, absolutely."

The text of the statute provides that a petitioner who seeks relief under Section (d)(2) – unreasonable determination of the facts – must show that the state court unreasonably determined the facts "in light of the evidence presented" to the state court. The Supreme Court has held that review under Section (d)(1) – unreasonable application of law – is similarly "limited to the record that was before the state court," *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011), even though AEDPA's text imposes no such limitation. The Supreme Court reasoned that the statute's "backward-looking language requires an examination of the state-court decision at the time it was made. It follows that the record under review is limited to the record in existence at that same time, *i.e.*, the record before the state court." *Id*. at 181–82.

It is not clear how a federal court could evaluate whether a state court unreasonably determined the facts "in light of the evidence" before it without first ascertaining what evidence was before it. It is equally difficult to imagine how a federal habeas court could determine whether a state court unreasonably applied clearly established law to the petitioner's case without itself reviewing independently the nature and extent of that case. To accept the state court's description of the facts or to uphold its application of law without independently evaluating what supports (or does not support) the court's determination of the facts and what factual basis justifies (or does not justify) the court's application of the law is inconsistent with the responsibilities of a federal habeas court under Section 2254(d).

Nowhere in the habeas statute is there any suggestion that the district court could not or should not examine the state court record. In fact, the statute expressly provides that "the official records of the State court . . . shall be admissible in

the Federal court proceeding." 28 U.S.C. § 2254(g). Nor are we aware of any case that holds or even hints that the district court could not or should not examine the record. To the contrary: two circuits have expressly held that AEDPA requires federal courts to do so. *See Beck*, 257 F.3d at 901 (the provisions of AEDPA "require meaningful federal court review of the evidentiary record considered by the state courts"); *Jeffries*, 522 F.3d at 644–45 (holding, under AEDPA, that review of the record is necessary "in order to properly assess [a] habeas petition"). For its bizarre suggestion, the State only quotes § 2254(e)(1), a provision that we have held does not apply to habeas petitions, like Nasby's, that seek relief solely on the basis of the record before the state court. *Taylor v. Maddox*, 366 F.3d 992, 999 (9th Cir. 2004).

In sum, it is clear that in order to provide adequate habeas review as contemplated by AEDPA, the court is required to review the state court record. The petition must be remanded.

## CONCLUSION

For the foregoing reasons, we **VACATE** the district court's dismissal of Nasby's petition[8] and **REMAND** with instructions to consider his claims after obtaining and reviewing all relevant portions of the state court record.

---

[8] For the same reasons, we **VACATE** the district court's order denying Nasby's motion to alter or amend the judgment under Rule 59(e). The district court will likely find it necessary to also vacate its order denying Nasby's motion for relief from judgment under Rule 60(b), which judgment was entered after the grant of the Certificate of Appealability.