NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAR 15 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HARUM PATTERSON, | No.   16-55391 |
| Petitioner-Appellant, | D.C. No. 2:15-cv-04922-CJC-KK |
| v. | |
| DEBBIE ASUNCION, Warden, | MEMORANDUM[*] |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Submitted March 6, 2018[**]
Pasadena, California

Before:  GRABER, W. FLETCHER, and OWENS, Circuit Judges.

Petitioner Harum Patterson ("Patterson") appeals from the district court's

denial of his petition for a writ of habeas corpus.  We have jurisdiction under 28

U.S.C. § 2253, and we affirm.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

1. The California Court of Appeal did not apply *Faretta v. California*, 422 U.S. 806 (1975), unreasonably in affirming the trial court's decision that Patterson had abandoned his March 28, 2012 motion for self-representation. Arguing that *Faretta* prohibits trial courts from finding such motions abandoned, Patterson contends that the trial court was required to grant his motion or initiate a colloquy to further establish that he understood the dangers of self-representation. But in *Sandoval v. Calderon*, 241 F.3d 765, 775 (9th Cir. 2001), we recognized that a defendant may withdraw his request for self-representation and that the trial court need not "engage in a personal colloquy with the defendant" to find the motion withdrawn.

2. The California Court of Appeal's decision that Patterson abandoned his March 28, 2012 *Faretta* motion did not rest on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

Patterson first contends that the trial court's fact-finding process was defective because the court determined that he had abandoned his March 28, 2012 motion in his absence, and without providing him notice that it would be ruled on, at a hearing on July 9, 2012. The trial court did not, however, make such a ruling on July 9, 2012. Instead, the July 9, 2012 hearing was held to consider Patterson's second request for self-representation made earlier that day. The court mentioned

Patterson's March 28, 2012 motion (which the record suggests he withdrew at a hearing on April 17, 2012) only in reference to the second *Faretta* motion.

Next, Patterson argues that the California Court of Appeal erroneously relied on (1) his subsequent appearances with counsel, (2) his counsel's statement that Patterson no longer wished to pursue the motion, and (3) the master calendar judge's statement that there were no such pending motions. "[T]he failure of a defendant to renew a self-representation request [provides] support for the conclusion that the request was equivocal," or abandoned. *United States v. Hernandez*, 203 F.3d 614, 623 (9th Cir. 2000), *abrogated on other grounds by Indiana v. Edwards*, 554 U.S. 164 (2008). Additionally, trial courts may rely on counsel's statement that a client wishes to withdraw a *Faretta* motion. *Sandoval*, 241 F.3d at 774–75. And, finally, the minor factual inconsistencies to which Patterson points do not overcome the "daunting standard" that 28 U.S.C. § 2254(d)(2) imposes to render a factual finding unreasonable. *Taylor v. Maddox*, 366 F.3d 992, 1000 (9th Cir. 2004), *overruled on other grounds by Murray v. Schriro*, 745 F.3d 984, 999–1000 (9th Cir. 2014). The California Court of Appeal's decision was therefore supported by the record.

3. Remand to the district court is not required because the magistrate judge, whose report and recommendation the district court adopted, reviewed the "relevant portions of the record on which the state court based its judgment."

*Nasby v. McDaniel*, 853 F.3d 1049, 1052 (9th Cir. 2017). Patterson argues that remand is required because the magistrate judge mistakenly thought that a transcript from one of the trial court's hearings was absent from the record. But that transcript was not relevant to the magistrate judge's review of the California Court of Appeal's decision finding Patterson's March 28, 2012 *Faretta* motion abandoned. For this determination, the California Court of Appeal relied on minute orders of Patterson's subsequent appearances with counsel, as well as a different transcript containing the statements of his counsel and the master calendar judge.

4. Finally, the California Court of Appeal's decision to affirm the trial court's denial of Patterson's July 9, 2012 *Faretta* motion did not rest on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. As a threshold matter, it was not an unreasonable application of *Faretta* for the state courts to find Patterson's July 9, 2012 motion untimely. *See Marshall v. Taylor*, 395 F.3d 1058, 1060–61 (9th Cir. 2005).

Recognizing that *Faretta* protects only timely motions, *see Stenson v. Lambert*, 504 F.3d 873, 884–85 (9th Cir. 2007), Patterson argues that he is nonetheless entitled to relief because the state courts allegedly misapplied the California Supreme Court's decision in *People v. Windham*, 560 P.2d 1187, 1191

n.5 (Cal. 1977) (discussing when state courts may use their discretion to grant untimely *Faretta* motions).  This argument fails.

Patterson relies on *Brumfield v. Cain*, 135 S. Ct. 2269 (2015), to argue that a "state's failure to follow its own standards in implementing constitutional guarantees constitutes an unreasonable finding of fact" for which federal habeas courts may grant relief.  But this interpretation of *Brumfield* ignores the unique facts of that case.  In *Brumfield*, the habeas petitioner moved to have his death sentence vacated after *Atkins v. Virginia*, 536 U.S. 304 (2002), held that the Eighth Amendment prohibits the execution of intellectually disabled persons.  The *Atkins* Court explicitly held that state standards of intellectual disability would govern which offenders were ineligible for the death penalty under federal constitutional law, *id.* at 317, and did not authorize federal habeas courts to review a state court's application of its own laws.  We therefore decline to consider *Windham*.

**AFFIRMED.**