NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 16 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE LUIS SANCHEZ, Jr., | No. 18-35899 |
| Petitioner-Appellant, | D.C. No. 1:17-cv-03196-SAB |
| v. | |
| DONALD HOLBROOK; WASHINGTON STATE DEPARTMENT OF CORRECTIONS, | MEMORANDUM[*] |
| Respondents-Appellees. | |

Appeal from the United States District Court
for the Eastern District of Washington
Stanley Allen Bastian, Chief District Judge, Presiding

Argued and Submitted December 8, 2020
Seattle, Washington

Before: McKEOWN and WATFORD, Circuit Judges, and ROTHSTEIN,[**] District Judge.

Jose Luis Sanchez, Jr. appeals from the district court's denial of his federal

habeas petition, in which he challenges his convictions for murder, attempted

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Barbara Jacobs Rothstein, United States District Judge for the Western District of Washington, sitting by designation.

murder, robbery, burglary, and unlawful possession of a firearm. We review the district court's ruling de novo, *Dows v. Wood*, 211 F.3d 480, 484 (9th Cir. 2000), and ask whether the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," or was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). We affirm.

**1.** The state court's determination that holding Sanchez's jury trial in a jailhouse courtroom did not violate his due process rights was neither contrary to, nor involved an unreasonable application of, clearly established federal law. The Supreme Court has never addressed whether use of a jailhouse courtroom is so inherently prejudicial as to violate due process or require a showing of an essential state interest. *Cf. Deck v. Missouri*, 544 U.S. 622, 624 (2005) (holding that shackling a defendant during sentencing is inherently prejudicial but can be justified by "an essential state interest"); *Estelle v. Williams*, 425 U.S. 501, 504–05 (1976) (holding that requiring a defendant to wear prison clothes at trial violates due process). Thus, Sanchez cannot point to any clearly established federal law indicating that his due process rights were violated.

**2.** The state court also reasonably concluded that Sanchez failed to establish that he was prejudiced by his counsel's failure to move to suppress evidence of the

9mm handgun prior to the jury trial. *See Strickland v. Washington*, 466 U.S. 668, 691–92 (1984) (requiring a showing of prejudice as well as deficient performance). The government did not need to rely on admission of the 9mm handgun itself because several witnesses independently testified that Sanchez owned a 9mm handgun. Moreover, the evidence at trial established that an entirely different weapon, a .45 caliber handgun, was used in the murder, and ballistics tests confirmed that the .45 caliber handgun discovered in Sanchez's house was the murder weapon. Given this evidence, as well as the other testimony presented at trial implicating Sanchez, there is no "reasonable probability that . . . the result of the proceeding would have been different" had evidence of the 9mm handgun been suppressed. *Id.* at 694.

**3.** The state court reasonably concluded that Sanchez's arraignment was not a critical stage of the proceedings for Sixth Amendment purposes. The Supreme Court has held that a critical pretrial proceeding is one "that would impair [the] defense on the merits if the accused is required to proceed without counsel." *Gerstein v. Pugh*, 420 U.S. 103, 122 (1975). Sanchez participated in a summary, group arraignment in which no evidence was entered, no admissions were made, and no valuable defenses were forfeited. *See Baker v. City of Blaine*, 221 F.3d 1108, 1110–11 (9th Cir. 2000) (holding that a similar arraignment in Washington State was not a critical stage); *cf. Hamilton v. Alabama*, 368 U.S. 53, 54 (1961)

(holding that an arraignment in Alabama is a critical stage because important defenses may be forfeited if not asserted at the arraignment). That members of the media were present at the arraignment is insufficient to transform the proceeding into the type of confrontational, post-indictment identification lineup that the Supreme Court has held to be a critical stage. *See United States v. Wade*, 388 U.S. 218, 236–37 (1967). Thus, Sanchez's defense was not impaired, and the arraignment does not qualify as a critical stage.

The state court also reasonably concluded that Sanchez's right to effective assistance of counsel was not violated, as he was not prejudiced by his attorney's failure to attend the arraignment. Sanchez claims that his attorney's failure to object to media photography at the arraignment contributed to the victim's later identification of him as the perpetrator at trial. But Sanchez failed to present any evidence tending to establish that the photographs the victim saw in the media were those taken at the arraignment.

**4.** Sanchez also contends that, at a minimum, *Nasby v. McDaniel*, 853 F.3d 1049 (9th Cir. 2017), required the district court to obtain the full state court record before ruling on the merits of his claims. The district court does have a duty to conduct an independent assessment of the basis for the state court's decision, but it need only obtain and review "*relevant* portions of the record on which the state court based its judgment." *Id.* at 1052 (emphasis added). Given the district court's

ability to resolve Sanchez's claims based on the lack of clearly established federal law and the lack of prejudice evident from the undisputed facts of the case, we conclude that the district court did not err in failing to obtain the full state court record.

**AFFIRMED.**