NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KEVIN MADDOX,<br><br>     Petitioner-Appellant,<br><br> v.<br><br>M. ELIOT SPEARMAN, Warden,<br><br>     Respondent-Appellee. | No. 20-55024<br><br>D.C. No.<br>2:16-cv-08213-VBF-RAO<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Valerie Baker Fairbank, District Judge, Presiding

Argued and Submitted June 10, 2021
Pasadena, California

Before: MURGUIA and BADE, Circuit Judges, and MOLLOY,** District Judge.

 Petitioner Kevin Maddox appeals the district court's denial of his 28 U.S.C.

§ 2254 petition for a writ of habeas corpus. We have jurisdiction pursuant to 28

U.S.C. § 1291. We review a district court's denial of a § 2254 petition de novo.

*Hurles v. Ryan*, 752 F.3d 768, 777 (9th Cir. 2014). We vacate and remand for

---

  * This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

  ** The Honorable Donald W. Molloy, United States District Judge for the District of Montana, sitting by designation.

further proceedings.

In *Batson v. Kentucky*, 476 U.S. 79 (1986), the Supreme Court "set[] out a three-step burden-shifting framework for evaluating claims of discriminatory peremptory strikes." *Shirley v. Yates*, 807 F.3d 1090, 1095 (9th Cir. 2015). At step one, the defendant (petitioner) bears the burden of producing sufficient evidence to permit the trial judge to draw an inference of racial discrimination; at step two, the burden shifts to the state to provide race-neutral reasons for the strike; and at step three, the trial court must determine "whether the opponent of the strike has proved purposeful racial discrimination." *Id.* (citation omitted).

The state court unreasonably applied clearly established federal law when it apparently required Maddox to show a "strong likelihood," instead of only a "reasonable inference," of purposeful discrimination at the first step of its analysis under *Batson*, 476 U.S. 79. Therefore, AEDPA deference does not apply. *Johnson v. Finn*, 665 F.3d 1063, 1068–70 (9th Cir. 2011).

The district court determined that Maddox met his burden to establish a prima facie case of purposeful discrimination and that the prosecutor proffered race neutral reasons for the strikes. It concluded at *Batson*'s third step that Maddox had not demonstrated "purposeful discrimination by showing that race was a substantial motivating factor in the prosecutor's decision to strike any prospective African-American jurors." Only the step-three determination is at issue on appeal.

2

The petitioner bears the burden of proving purposeful discrimination by a preponderance of the evidence. *Currie v. McDowell*, 825 F.3d 603, 605 (9th Cir. 2016). The Supreme Court has identified "a variety of evidence to support a claim that a prosecutor's peremptory strikes were made on the basis of race." *Flowers v. Mississippi*, 139 S. Ct. 2228, 2243 (2019). Juror comparisons are an important piece of the evidence to determine whether race was a substantial motivating factor for striking jurors. *Id.* at 2248 ("Comparing prospective jurors who were struck and not struck can be an important step in determining whether a *Batson* violation occurred." (citation omitted)); *Miller-El v. Dretke*, 545 U.S. 231, 241 (2005) ("More powerful than these bare statistics, however, are side-by-side comparisons of some black venire panelists who were struck and white panelists allowed to serve.").

Maddox argues that a comparison of prospective jurors 3488 and 8913 to several seated jurors demonstrates that the prosecutor's reasons for striking 3488 and 8913 were pretextual.[1] The record does not reflect the race of all the members of the jury pool or of all the seated jurors and does not identify the only Black juror seated on the jury. This evidence is essential to the comparative juror analysis, a

---

[1] The trial court identified this juror as 3448, not 3488. Consistent with the decisions of the California Court of Appeal and the district court, we refer to this juror as 3488.

"centerpiece of the *Batson* analysis." *Boyd v. Newland*, 467 F.3d 1139, 1150 (9th Cir. 2006).

In the district court, Maddox requested an evidentiary hearing and additional briefing to determine the race of the jurors to facilitate the step-three analysis, including the comparative juror analysis. The district court denied Maddox's requests and then rejected his *Batson* claim even though it recognized that the record lacked information about the race of all the jurors. The incomplete record does not provide a sufficient basis to assess "all relevant circumstances" surrounding the challenged peremptory strikes. *See Batson*, 476 U.S. at 96; *see also Jamerson v. Runnels*, 713 F.3d 1218, 1225–27 (9th Cir. 2013) ("Without knowing the race of each venire member—a fact visible to the state trial court but obscured by the cold record on review—it would be impossible to discharge [the court's] duty [to perform a comparative juror analysis].").

We therefore vacate the district court's dismissal of Maddox's petition and remand with instructions to consider his claims after an evidentiary hearing and consideration of all relevant portions of the state court record. *See, e.g.*, *Nasby v. McDaniel*, 853 F.3d 1049, 1053–55 (9th Cir. 2017) (remanding habeas corpus petition to the district court for further proceedings when the court did not hold an evidentiary hearing and failed to obtain relevant portions of the state court record); *Jones v. Wood*, 114 F.3d 1002, 1008, 1012–14 (9th Cir. 1997) (reversing the

district court for failing to obtain critical parts of the state court record even when the parties failed to provide that information).

**VACATED AND REMANDED.**